Tony KRAMEK, Appellant,

v.

Marc and Celia STEWART, Appellees.

No. 04–81–00392–CV.

Court of Appeals of Texas, San Antonio.

March 9, 1983.

Richard E. Sames, Laredo, for appellant.

Emilio Martinez, Laredo, for appellees.

Before BUTTS, TIJERINA and DIAL, JJ.

### OPINION

BUTTS, Justice.

This is an appeal from a judgment granting appellees, Marc and Celia Stewart, recovery of a rental security deposit and additional statutory damages and attorney's fees against appellant, Tony Kramek, manager of the complex where appellees rented their apartment, and agent of Texas Cedar Products, Inc.

Appellant's first point of error contends that as a matter of law there is no liability for statutory attorney's fees and penalties. Points of error two and three are predicated on improper severance of defendant, Texas Cedar Products, Inc. We affirm as reformed.

Appellees originally brought suit in the small claims court of Webb County, to recover their $100.00 security deposit. After a judgment for the Stewarts, Kramek appealed to the County Court at Law. Tex.R. Civ.P. 264. In an amended petition appellees added Texas Cedar Products, Inc., as a defendant landlord and alleged damages and attorney's fees pursuant to Tex.Rev. Civ.Stat.Ann. art. 5236e (Vernon Supp. 1982). On the day of trial, however, appellees' motion to sever the cause of action as to Texas Cedar Products, Inc. was granted. The jury's verdict awarded appellees the security deposit, statutory damages, and attorney's fees, and judgment was accordingly rendered. The record on appeal is devoid of a statement of facts or a brief by appellees.

Appellant brings two points of error premised on the contention that severance of co-defendant, Texas Cedar Products, Inc., constituted error. Tex.R.Civ.P. 41 vests in the trial court broad discretion to sever causes of action; the severance will not be disturbed on appeal except for abuse of discretion. *Parker v. Potts,* 342 S.W.2d 634, 636 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n.r.e.). Generally, in the absence of a statement of facts, it is presumed on appeal that there was sufficient evidence to support the factual determinations of the trial court. *War-Pak, Inc. v. Rice,* 604 S.W.2d 498, 503 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.). In this case, however, the transcript discloses that although Texas Cedar was severed from the cause on the day of trial because service of process had not been effected early enough for its "answer day" to have arrived, and no answer had been filed by it, the jury answered this special issue:

11. Do you find from a preponderance of the evidence that TEXAS CEDAR PRODUCTS, INC. and not TONY KRAMEK should be liable for the wrongful retention of the security deposit in this case?

ANSWER: We do not.

We agree with appellant that severance was not the proper remedy. An order of severance under rule 41 could have no force and effect where the party, Texas Cedar, was not properly before the court. *Damron v. Fireman's Fund Insurance Co.,* 430 S.W.2d 956, 958 (Tex.Civ.App.—Amarillo 1968, no writ).

At the *trial de novo* the liability of Kramek and Texas Cedar was alleged in the second amended petition to be joint only, not joint and several. It is settled that where there is a joint obligation only, the answer of one defendant inures to the benefit of all. *Leach v. Cassity's Estate,* 279 S.W.2d 630, 635 (Tex.Civ.App.—Fort Worth 1955, writ ref'd n.r.e.). The transcript alone does not enlighten this court as to the reason for submission of the special issue, *supra,* regarding Texas Cedar's liability. What is apparent, however, is that the jury's answer clearly absolves Texas Cedar from liability. Although the order of severance may have been error of the court, we find it to be harmless error under these circumstances. Insofar as the record before us shows, no harm resulted. Harmless error will not support the reversal of a judgment. *King Optical v. Automatic Data Processing of Dallas,* 542 S.W.2d 213, 216 (Tex.Civ.App.—Waco 1976, writ ref'd n.r. e.); Rule 434. The two points of error are overruled.

By the terms of the security deposit act, *supra,* a security deposit must be refunded by the landlord to the tenant within thirty (30) days after the tenant surrenders the premises. Article 5236e § 2(a), *supra.* The landlord is not obligated, however, to return the security deposit until the tenant has furnished the landlord with a written copy of the tenant's forwarding address. Article 5236e § 6(a), *supra.*

Section 4 of article 5236e, *supra,* provides sanctions for noncompliance by a landlord and states, in pertinent part:

(a) *A landlord who in bad faith* retains a security deposit in violation of this Act is liable for $100.00 plus treble the amount of that portion of the deposit which was wrongfully withheld from the tenant, and shall be liable for reasonable attorneys fees in a lawsuit to recover the security deposit. [emphasis added.]

(c) In any court action brought by a tenant under this Act, the landlord bears the burden of proving that his retention of the security deposit or any portion thereof was reasonable. In this court action a landlord is not liable for the penalty, treble damages, or attorneys fees referred in subsections (a) and (b) of this section unless the landlord is found to have acted in bad faith. Failure to return a security deposit within 30 days or failure to provide a written description and itemization of deductions within 30 days is prima facie evidence and a presumption that the landlord acted in bad faith.

There is no liability for the $100.00 statutory penalty, treble damages and attorney's fees where the security deposit is refunded "within thirty (30) days." *Id.* The term "within" has numerous definitions including "not later than," "anytime before" and "before the expiration of." *Massey v. Farnsworth,* 353 S.W.2d 262, 269 (Tex.Civ.App.—Houston 1961), *rev'd on other grounds,* 365 S.W.2d 1 (Tex.1963).

In this case the jury was instructed that "bad faith" was defined as Kramek's failure to return the security deposit *within 30 days from the date that appellees provided Kramek with their forwarding address or failure to provide appellees within the same 30-day-period* a written description and itemization of deductions from the deposit. The record shows on its face that the forwarding address was sent to Kramek on September 11, 1980 and that appellees filed suit in the small claims court on October 7, 1980, before the lapse of the 30-day-period. We sustain the first point of error, and we hold the premature filing of the suit precludes recovery of the statutory penalties and attorney's fees.

We note, too, that appellant invoked the appellate jurisdiction of the county court at law by his appeal. That court could hear and determine only those mat-

ters acquired by virtue of the appeal, and not by virtue of original jurisdiction. No objection to the court's jurisdiction appears in the record. Rule 590, governing the jurisdiction of the county court on appeal, indicates that no new ground of recovery shall be set up by the plaintiff (appellees herein). *See Neal v. Beck Funeral Home,* 131 S.W.2d 778 (Tex.Civ.App.—Fort Worth 1939, writ of error dism'd). The county court acquired jurisdiction only of what was involved in the lower court, that is, a suit for recovery of the rental deposit and an alleged overpayment of $50.00, total damages in the sum of $150.00. We hold that the action brought by the appellees in the county court based solely upon the security deposit act, *supra,* was a ground of recovery which that court was without jurisdiction to hear.

We therefore set aside the judgment as to the award for attorney's fees and statutory damages with interest thereon. We affirm the award of the sum of $100.00 which represents the original security deposit. The jury found appellees made no overpayment.

The judgment of the trial court as reformed is affirmed.