Jean CARTER, et al., Appellants,

v.

Barbara A. DEAN, Appellee.

No. 13801.

Court of Appeals of Texas,
Austin.

Nov. 16, 1983.

Walter P. Wolfram, Wolfram Law Firm, Amarillo, for appellants.

William R. McKinney, Jr., Amarillo, for appellee.

Before SHANNON, POWERS and BRADY, JJ.

POWERS, Justice.

Jean Carter and L.S. Blasdel appeal from a judgment of a district court in Travis County, Texas. The judgment reverses a final order issued by the Texas Alcoholic Beverage Commission in its administration of the Texas Alcoholic Beverage Code, hereinafter referred to as the "Code." We will reverse the judgment of the district court and remand the cause to that court with instructions that it be dismissed for want of jurisdiction.

The sole issue presented by the present appeal is whether § 11.67 of the Code is a merely permissive venue provision or whether it fixes exclusive jurisdiction for the judicial review of those orders of the Commission to which it refers. The issue arises in the following manner.

Barbara A. Dean applied to the Commission for three alcoholic beverage permits that the Commission has power to issue under various sections of the Code: a "mixed beverage permit" (§§ 28.01–28.12); a "mixed beverage late hours permit" (§§ 29.01–29.03); and a "beverage carrier permit" (§§ 44.01–44.03). Dean sought the permits for premises specified in her application. The premises are in the City of Amarillo, Potter County, Texas. Under the Code, such permits authorize the licensed activity to be conducted solely at the premises for which the permits are issued. (§§ 11.02, 11.04, 11.06, 11.08). Carter and Blasdel, appellants, appeared in the agency proceeding and opposed the issuance of the permits to Dean. After hearing, the Commission issued its final order denying Dean's application and refusing to issue the permits.

Dean sued in a district court of Travis County for judicial review and reversal of the Commission's final order, ostensibly under § 19(b)(1) of the Texas Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ.Stat.Ann., art. 6252–13a (Supp.1982). Citations were issued to Carter and Blasdel, apparently because they were "parties of record in the proceedings before the agency" to which § 19(b)(2) of APTRA refers. After receiving service of citation, Carter and Blasdel appeared and answered in the suit to oppose the relief requested by Dean. After final hearing, and based upon its examination of the administrative record, the Travis County district court determined that the Commission's final order was not supported by "substantial evidence." Based upon that determination, the trial court reversed the agency order, directed that the Commission grant Dean's application, and ordered that the "assistant administrator" of the agency issue the permits to Dean.

In their appeal to this court, Carter and Blasdel raise the jurisdictional issue to which we have referred above, pointing out that if the district court was without jurisdiction of the cause we have no jurisdiction save to reverse the judgment below and remand the cause for dismissal. Jurisdiction is not presumed when it is solely a creature of statute, as is the case in the present appeal. *Fruit Dispatch Co. v. Rainey,* 111 Tex. 266, 232 S.W. 281 (1921); *Newton v. Barnes,* 150 S.W.2d 72 (Tex.Civ. App.1941, writ ref'd).

Section 5.17 is found among the "Administrative Provisions" of the Code and provides as follows: "In all suits against the commission, except appeals governed by Section 11.67 ... of this code, venue is in Travis County." The exception provided by § 11.67 is written as follows:

(a) An appeal from an order of the commission ... refusing ... a permit or license may be taken to the district court of the county in which the applicant ... resides or in which the owner of involved real or personal property resides.

(b) The appeal shall be under the substantial evidence rule and against the commission alone as defendant. The

rules applicable to ordinary civil suits apply, with the following exceptions, which shall be construed literally:

(1) the appeal shall be perfected and filed within 30 days after the date the order, decision, or ruling of the commission ... becomes final and appealable;

(2) the case shall be tried before a judge within 10 days from the date it is filed;

(3) neither party is entitled to a jury; and

(4) the order, decision, or ruling of the commission ... may be suspended or modified by the court pending a trial on the merits, but the final judgment of the district court may not be modified or suspended pending appeal.

(1978, Supp.1982; emphasis added).

Section 5.17 is nothing more than a venue provision applicable to "all suits against the commission, except appeals governed by Section 11.67 ...." Section 11.67 is distinctly different—it *creates a right of judicial review* and *specifies the court* wherein such review shall be conducted by a suit against the Commission. Only in an indirect sense is it a venue statute. Venue for suits under § 11.67 is fixed by that statute *only* because the section specifies the courts wherein the suit for judicial review is to be brought. The function of the word "may," as it is used in the context of § 11.67, is to create authority in the unsuccessful applicant to maintain a suit for judicial review of the Commission's action in refusing his application. The terms of the predecessor statute, Tex.Pen.Code Ann. art. 666–14, were almost identical to those of § 11.67 and created the right of review long before the enactment of APTRA, when no right to review would otherwise have existed.

▪ Similar statutory provisions for judicial review of administrative decisions frequently describe the county in which the authorized suit for judicial review is to be instituted. Many of them are listed in *Schwantz v. Texas Department of Public Safety,* 415 S.W.2d 12, 14–16 (Tex.Civ.App. 1967, writ ref'd). As in that case, we conceive that no right of property is evidenced by a permit of the kind sought by Dean, for "[a] permit issued under [the] code is a purely personal privilege and ... is not property." § 11.03. Therefore, no right of appeal to *any* district court, from the decision of the Commission, exists in the present case *except* as that right is given in the Code, and appeals under the applicable provisions of the Code are governed strictly by the terms thereof. *Stone v. Liquor Control Board,* 417 S.W.2d 385, 385–386 (Tex. 1967); *Schwantz v. Texas Department of Public Safety, supra; Strawn v. Board of Water Engineers,* 134 S.W.2d 397, 398 (Tex. Civ.App.1939, writ ref'd).

> The general rule is that *where the cause of action and* the remedy for its enforcement *are derived not from the common law but from the statute,* the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable.

*Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1087 (1926). (emphasis added)

The point is *not* whether the language in § 11.67 is mandatory from a semantic standpoint. Rather, the issue is jurisdictional as stated emphatically in the following passage from *Schwantz v. Texas Department of Public Safety, supra;*

> In *Alpha Petroleum Co. v. Terrell,* 122 Tex. 257, 59 S.W.2d 364, 372, a Rule 37 case, Art. 6049c, Sec. 8, V.A.C.S., was construed. Its language was that parties affected by rules or orders of the Railroad Commission "shall have the right to file a suit in a Court of competent jurisdiction in Travis County, Texas, and not elsewhere, against the Commission." It was held the "requirement is one of jurisdiction, and not a mere question of venue." The statutory limitation, "and not elsewhere," was not the primary basis of the holding, although it was noted this language precluded invasion of the legislative prerogative by extension. *The Supreme Court turned the case on the reasoning that if the court where the suit was filed had jurisdiction "it must be conferred either by the Constitution, the common law, or by statute."* None of

these having conferred it on a court in the county where the suit was filed, jurisdiction was held to be absent.

415 S.W.2d at pp. 15–16 (emphasis added). See 1 R. McDonald, Tex.Civ.Prac. § 4.02 (1981). In the present case, § 5.17 of the Code places venue in the district courts of Travis County in all suits against the Commission for judicial review, *except* suits constituting "[a]n appeal from an order of the commission ... refusing ... a permit or license ...," *and with respect to suits of that nature,* the Code provides in § 11.67 that the "appeal ... may be taken to the district court of the county in which the applicant ... resides or in which the owner of involved real or personal property resides." Thus, apart from APTRA § 19(a) the *sole* provision for judicial review of the Commission's decisions on applications for permits is by suit in the district courts of the counties named in § 11.67. Notwithstanding that the word "may" is used in that section, the fact remains that no district court in any *other* county has been granted statutory jurisdiction to review such decisions, and without such a statutory grant they would have no jurisdiction, for the judicial review in question does not fall within the constitutional or common law jurisdiction of the district courts.

 But, does APTRA § 19, and its general provision for judicial review of the final orders of administrative agencies, grant the district courts of Travis County a statutory jurisdiction co-equal with that granted to the district courts specified in § 11.67 of the Code? We hold that it does not.

The general provision for judicial review contained in APTRA § 19(a) is expressly made "cumulative of other means of redress provided by statute" and APTRA § 19(b), requiring that the petition for review be "filed in a District Court of Travis County, Texas," expressly conditions that requirement by the proviso "[u]nless otherwise required by statute." This language contemplates that if the *other* statute providing for judicial review specifies review in a court in some county other than Travis,

that other statute controls and review may not be had in a district court of Travis County under APTRA § 19(b)(1).

It is not disputed that Dean and the owner of the premises for which the permits were sought reside in Potter and Lubbock Counties respectively. Under § 11.67 of the Code, venue of Dean's suit for judicial review lay exclusively in one of those two counties. We hold, accordingly, that the district court of Travis County was without subject-matter jurisdiction of the cause.

The judgment of the district court is reversed and the cause remanded to that court to be dismissed for want of jurisdiction.

Reversed and Remanded.