NO. 07-08-0388-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 11, 2009

_________________________________

ELIZABETH OVERSTREET, APPELLANT

V.

JUDGE BRADLEY UNDERWOOD, INDIVIDUALLY AND IN HIS

CAPACITY AS JUDGE OF THE 364
TH
 JUDICIAL DISTRICT,

LUBBOCK COUNTY, TEXAS

_________________________________________

FROM THE 72
ND
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-541,027; HONORABLE DAVID PEEPLES, PRESIDING BY ASSIGNMENT

_____________________________________

Before BOYD and REAVIS, S.JJ., and BARNARD, J.
(footnote: 1)

OPINION

Appellant, Elizabeth Overstreet, presents three issues contending the trial court erred in (1) finding that Appellee, Judge Bradley Underwood, in his official capacity, was not her employer for purposes of chapter 21 of the Texas Labor Code,
(footnote: 2) (2) granting Underwood’s no evidence motion for summary judgment on her retaliation claim, and (3) granting  Underwood’s motion for summary judgment on her defamation claim.

 Underwood cross appeals by two issues contending the trial court erred (1) in denying his plea to the jurisdiction and, alternatively, (2) in denying his motion for  summary judgment based upon the sixty day limitations period.  Concluding the plea to the jurisdiction should have been granted, for the reasons set forth below, we reverse the trial court’s judgment and render judgment that the case be dismissed for lack of jurisdiction.  Because the jurisdictional issue is dispositive, we need not address Overstreet’s issues.

A jurisdiction question is a matter of first consideration, Brammer v. Martinaire, Inc., 838 S.W.2d 844, 846 (Tex.App.--Amarillo 1992, no writ), and jurisdiction is not presumed when it is solely a creature of statute, Carter v. Dean, 660 S.W.2d 866, 867 (Tex.App.–Austin 1983, no writ).  Therefore, our review of the record will be limited to the facts essential to our consideration and determination of the jurisdiction question.

As Presiding Judge of the 364
th
 District Court, pursuant to section 74.101 of the Texas Government Code, Underwood appointed Overstreet Court Coordinator on April 28, 2003.  On Monday, January 22, 2007, she returned to work following a medical leave and was offended by the greeting and “touching” by a bailiff for another court when he delivered the mail.  Overstreet reported the incident to Underwood and a sergeant at the Lubbock County Sheriff’s Department and an internal investigation followed.  On Friday, January 26, 2007, during a conference, she was encouraged to return to work  but ultimately her employment was terminated on January 30, 2007, when she did not return to work as instructed.  
    
 

On February 23, 2007, Overstreet filed a complaint with the Texas Workforce Commission-Civil Rights Division, identifying Lubbock County as the 
employer 
who discriminated against her.  As material here, the complaint #1A70399  included the following allegations:

I.  Personal Harm

On 1/22/07, I was inappropriately touched by Bailiff Leroy Morrison.  After I complained to Judge Brad Underwood and others, I was retaliated against and terminated by Judge Underwood on 1/30/07 effective 1/29/07.

II.  Respondent’s claimed reason for adverse action.

Respondent offered to move me to a position with another district court but I was later told that I would be terminated if I did not report to my old position where I had been harassed and retaliated against.

III.  Discrimination Statement

I believe that I have been discriminated against (harassed) based on my sex. (female). I was retaliated against for opposing acts I believe to be unlawful employment discrimination.  Judge Underwood falsely accused me of improperly touching him and fired me in violation of the Texas Commission on Human Rights Act and Title VII of the Civil Rights Act of 1964, as amended.

When efforts to resolve the complaint through mediation had failed, by its letter of March 22, 2007, the Texas Workforce Commission notified Underwood that the complaint had been assigned to an investigator and requested that he file a Respondent’s Position Statement.   At that time, among other matters, the Commission sent Underwood a copy of the Overstreet complaint signed February 21, 2007, and advised Underwood that his position statement would be provided to Overstreet, but Overstreet did not amend her complaint as authorized by section 21.201(e).  Thereafter, on April 26, 2007, the Commission issued its Dismissal and Notice of Right to File Suit because

The TWCCRD is unable to conclude that the information obtained establishes any violations of the statutes. This does not certify that the respondent is in compliance with the statutes.

The Dismissal and Notice also advised Overstreet that she had 60 days from her receipt of the notice to file a civil action.  This notice was followed by Overstreet’s second complaint signed April 28, 2007, filed as # 1A70840, which referenced the prior complaint and named Judge Brad Underwood as an employer, but otherwise it was identical to her first complaint.  Overstreet filed her EEOC claim in the United States District Court, Northern District of Texas, Lubbock Division against Lubbock County on August 23, 2007.  On September 21, 2007, the Department again issued its second Dismissal and Notice of Right to File a Civil Action indicating only that “Complainant’s attorney requested an expedited notice of right to file a civil action.”  Overstreet did not file the underlying suit against Underwood until  October 15, 2007.

By his first issue, Underwood contends the trial court erred in denying his plea to the jurisdiction.  Concluding that the suit was untimely filed per section 21.254, we agree.

Alleging violations of chapter 21 of the Texas Labor Code, asserting claims of harassment and retaliation against her, Overstreet filed suit seeking general and special damages, as well as exemplary damages and attorney’s fees, costs, and expert fees pursuant to chapter 21.  Among other definitions, as material here, under section 21.002(8), the term 
employer
 may include a county and persons elected to public office.  Also, the  term 
respondent
 means the person charged in a complaint and “may include an employer.”  
Id
. at (13). 

 Section 21.201(c) specifies the requisites of a complaint.  Among other requirements, a complaint must state sufficient facts to enable the Commission to identify the 
respondent
, section 21.201(c)(3),
 
the 
respondent
 shall be served within ten days, section 21.201(d), and a complaint may be amended to cure technical defects or omissions.  § 21.201(e).  Also, section 21.202 entitled Statute of Limitations 
provides that a complaint must be filed with the Commission not later than the 180
th
 day after the date of the alleged unlawful employment practice occurred. 

Section 21.254 of subchapter F entitled Judicial Enforcement provides that within sixty days from receipt of notice from the Commission of the right to file civil suit, a civil action may be commenced against the 
respondent. 
 Under section 21.256, also entitled Statute
 of Limitations, a civil action may not be brought later than “the second anniversary of the date the complaint relating to the action is filed.”  Section 21.201(d) requiring service on the 
respondent
 within 10 days and other provisions of the chapter demonstrate that the law was crafted to require that the administrative proceedings and disposition of a complaint proceed with dispatch and without unnecessary expense and delay.

Jurisdiction is not presumed when it is solely authorized by statute.  Carter, 660 S.W.2d at 866.  Moreover, jurisdiction is a question of law and subject to 
de novo
 review.  City of Lubbock v. Rule, 68 S.W.3d 853, 856 (Tex.App.--Amarillo 2002, no pet.), 
overruled on other grounds
, State v. Shumake, 199 S.W.3d 279 (Tex. 2006).  Here, Overstreet had the burden to establish the existence of jurisdiction.  Texas Ass’n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Rule, 68 S.W.3d at 853.

Underwood contends that the notice of right to file suit given pursuant to the first complaint is controlling, but Overstreet contends that the notice following the second complaint was the effective notice and that the suit was timely filed.  We commence our analysis by first determining if the notice per the first complaint was controlling for purposes of resolving the question of jurisdiction.

Overstreet argues that her first complaint is not controlling because she did not designate Underwood as an 
employer.
  Although section 21.201 requires that a complaint state “facts sufficient to enable the commission to identify the 
respondent,
” the statute does not require that the name of the employer be stated in a complaint.  Similarly, section 21.254 authorizes a civil action against the 
respondent.
  In this context, we use the term 
respondent 
in its broad statutory context to include an employer as among others named therein.  
See
 § 21.002(13).

Among other allegations, by her first complaint, Overstreet expressly charged that

I was retaliated against and terminated by Judge Underwood on 1/13/07 effective 1/29/07; and

Judge Underwood falsely accused me of improperly touching him and fired me in violation of the Texas Commission on Human Rights Act, as amended and Title VII of the Civil Rights Act of 1964, as amended.

These allegations are not uncertain or vague.  To the contrary, they are express allegations of illegal acts against Underwood.  Moreover, they are sufficient to cause the Department to appoint an investigator and send its notice of March 22, 2007, to Underwood requesting that he file a Respondent’s Position Statement.  After mediation failed and an investigator was appointed, Overstreet did not amend her complaint as permitted by section 21.201(e).  We conclude that the complaint presented facts sufficient to enable the Commission to identify Underwood as a 
respondent
 as required by section 21.201.  Accordingly, we hold that the first right to file suit notice dated April 26, 2007, is the controlling notice.

Next, we consider Overstreet’s contentions that the “within 60 days” provision of section 21.254 is not jurisdictional, but is in effect a limitation statute subject to equitable tolling.  We disagree.

Unlike sections 21.202 and 21.256 which are entitled Statute of Limitations for purposes specified, section 21.254  entitled Civil Action by Complainant grants the right to file a civil action against the 
respondent 
within 60 days after the date a notice per section 21.252 is received by the complainant.  Overstreet’s contention that section 21.254 is subject to tolling as a limitation statute is inconsistent with the legislative scheme to expressly identify a limitation statute as such and is not supported by any authority. 

Moreover, the term 
within
 has various meanings, such as “any time before,” “at or before,” “at the end of,” “before the expiration of,” and “not later than.”  
See
 Glenn v. Garrett, 84 S.W.2d 515, 516 (Tex.Civ.App.--Amarillo 1935, no writ).  
See also
 Kramek v. Stewart, 648 S.W.2d 399, 401 (Tex.App.--San Antonio 1983, no writ).  

Accordingly, we conclude that Overstreet’s first complaint was effective to allow her to file an action against Underwood and that the suit should have been filed within 60 days after her receipt of the first right to sue.  Accordingly, we hold that this action was not timely filed and the trial court erred in overruling Underwood’s plea to the jurisdiction.

The order of the trial court signed February 29, 2008 denying Underwood’s plea to the jurisdiction is reversed and judgment is hereby rendered that the case is dismissed for lack of jurisdiction.  All costs incurred herein are assessed against appellant Elizabeth Overstreet per Rule 43.4 of the Texas Rules of Appellate Procedure.

 

Don H. Reavis

Senior Justice
 

    

 

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.) and Don H. Reavis, Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Marialyn Barnard, J., Fourth Court of Appeals, sitting by assignment.

2:
Unless otherwise designated, all references to “section” or “§” are to the Texas Labor Code Annotated (Vernon 2006).