NO. 07-08-0388-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 16, 2009

_____

ELIZABETH OVERSTREET, APPELLANT

V.

JUDGE BRADLEY UNDERWOOD, INDIVIDUALLY AND IN HIS
CAPACITY AS JUDGE OF THE 364TH JUDICIAL DISTRICT,
LUBBOCK COUNTY, TEXAS

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-541,027; HONORABLE DAVID PEEPLES, PRESIDING BY ASSIGNMENT

_____

Before BOYD and REAVIS, S.JJ., and BARNARD, J.[1]

**OPINION ON MOTION FOR REHEARING**

Appellant's motion for rehearing is overruled; however, we withdraw our opinion and
judgment of September 11, 2009, and issue this opinion in lieu thereof.

---

[1]John T. Boyd, Chief Justice (Ret.) and Don H. Reavis, Justice (Ret.), Seventh Court of Appeals, sitting
by assignment.  Marialyn Barnard, J., Fourth Court of Appeals, sitting by assignment.

Appellant, Elizabeth Overstreet, presents three issues contending the trial court erred in (1) finding that Appellee, Judge Bradley Underwood, in his official capacity, was not her employer for purposes of chapter 21 of the Texas Labor Code,[2] (2) granting Underwood's no evidence motion for summary judgment on her retaliation claim, and (3) granting Underwood's motion for summary judgment on her defamation claim.

Underwood cross appeals by two issues contending the trial court erred in denying (1) his plea to the jurisdiction and, alternatively, (2) his motion for summary judgment based upon the sixty day limitations period. Concluding the plea to the jurisdiction should have been granted, and that the trial court did not err in granting the Underwood motions for summary judgment, we affirm.

A jurisdiction question is a matter of first consideration, Brammer v. Martinaire, Inc., 838 S.W.2d 844, 846 (Tex.App.--Amarillo 1992, no writ), and jurisdiction is not presumed when it is solely a creature of statute, Carter v. Dean, 660 S.W.2d 866, 867 (Tex.App.–Austin 1983, no writ). Therefore, our review of the record will be limited to the facts essential to our consideration and determination of the jurisdiction question.

As Presiding Judge of the 364th District Court, pursuant to section 74.101 of the Texas Government Code, Underwood appointed Overstreet Court Coordinator on April 28, 2003. On Monday, January 22, 2007, she returned to work following a medical leave and was offended by the greeting and "touching" by a bailiff for another court when he delivered the mail. Overstreet reported the incident to Underwood and a sergeant at the Lubbock County

---

[2]Unless otherwise designated, all references to "section" or "§" are to the Texas Labor Code Annotated (Vernon 2006).

2

Sheriff's Department and an internal investigation followed. On Friday, January 26, 2007, during a conference, she was encouraged to return to work but ultimately her employment was terminated on January 30, 2007, when she did not return to work as instructed.

On February 23, 2007, Overstreet filed a complaint with the Texas Workforce Commission-Civil Rights Division, identifying Lubbock County as the *employer* who discriminated against her. As material here, the complaint #1A70399 included the following allegations:

> I. Personal Harm
>
> On 1/22/07, I was inappropriately touched by Bailiff Leroy Morrison. After I complained to Judge Brad Underwood and others, I was retaliated against and terminated by Judge Underwood on 1/30/07 effective 1/29/07.
>
> II. Respondent's claimed reason for adverse action.
>
> Respondent offered to move me to a position with another district court but I was later told that I would be terminated if I did not report to my old position where I had been harassed and retaliated against.
>
> III. Discrimination Statement
>
> I believe that I have been discriminated against (harassed) based on my sex. (female). I was retaliated against for opposing acts I believe to be unlawful employment discrimination. Judge Underwood falsely accused me of improperly touching him and fired me in violation of the Texas Commission on Human Rights Act and Title VII of the Civil Rights Act of 1964, as amended.

When efforts to resolve the complaint through mediation had failed, by its letter of March 22, 2007, the Texas Workforce Commission notified Underwood that the complaint had been assigned to an investigator and requested that he file a Respondent's Position Statement. At that time, among other matters, the Commission sent Underwood a copy of

the Overstreet complaint signed February 21, 2007, and advised Underwood that his position statement would be provided to Overstreet, but Overstreet did not amend her complaint as authorized by section 21.201(e). Thereafter, on April 26, 2007, the Commission issued its Dismissal and Notice of Right to File Suit because

> [t]he TWCCRD is unable to conclude that the information obtained establishes any violations of the statutes. This does not certify that the respondent is in compliance with the statutes.

The Dismissal and Notice also advised Overstreet that she had sixty days from her receipt of the notice to file a civil action. This notice was followed by Overstreet's second complaint signed April 28, 2007, filed as # 1A70840, which referenced the prior complaint and named Judge Brad Underwood as an employer, but otherwise it was identical to her first complaint. Overstreet filed her EEOC claim in the United States District Court, Northern District of Texas, Lubbock Division against Lubbock County on August 23, 2007. On September 21, 2007, the Department again issued its second Dismissal and Notice of Right to File a Civil Action indicating only that "Complainant's attorney requested an expedited notice of right to file a civil action." Overstreet did not file the underlying suit against Underwood until October 15, 2007. Overstreet's first issue is overruled.

Chapter 21 Texas Labor Code

By his first cross-issue, Underwood contends the trial court erred in denying his plea to the jurisdiction. Concluding that the suit was untimely filed per section 21.254, we agree.

4

Alleging violations of chapter 21 of the Texas Labor Code, asserting claims of harassment and retaliation against her, Overstreet filed suit seeking general and special damages, as well as exemplary damages and attorney's fees, costs, and expert fees pursuant to chapter 21. Among other definitions, as material here, under section 21.002(8), the term *employer* may include a county and persons elected to public office. Also, the term *respondent* means the person charged in a complaint and "may include an employer." *Id*. at (13).

Section 21.201(c) specifies the requisites of a complaint. Among other requirements, a complaint must state sufficient facts to enable the Commission to identify the *respondent*, section 21.201(c)(3), the *respondent* shall be served within ten days, section 21.201(d), and a complaint may be amended to cure technical defects or omissions. § 21.201(e). Also, section 21.202 entitled Statute of Limitations provides that a complaint must be filed with the Commission not later than the 180th day after the date of the alleged unlawful employment practice occurred.

Section 21.254 of subchapter F entitled Judicial Enforcement provides that within sixty days from receipt of notice from the Commission of the right to file civil suit, a civil action may be commenced against the *respondent*. Under section 21.256, also entitled Statute of Limitations, a civil action may not be brought later than "the second anniversary of the date the complaint relating to the action is filed." Section 21.201(d) requiring service on the *respondent* within ten days and other provisions of the chapter demonstrate that the law was crafted to require that the administrative proceedings and disposition of a complaint proceed with dispatch and without unnecessary expense and delay.

5

Jurisdiction is not presumed when it is solely authorized by statute. Carter, 660 S.W.2d at 866. Moreover, jurisdiction is a question of law and subject to *de novo* review. City of Lubbock v. Rule, 68 S.W.3d 853, 856 (Tex.App.--Amarillo 2002, no pet.), *overruled on other grounds*, State v. Shumake, 199 S.W.3d 279 (Tex. 2006). Here, Overstreet had the burden to establish the existence of jurisdiction. Texas Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Rule, 68 S.W.3d at 853.

Underwood contends the notice of right to file suit given pursuant to the first complaint is controlling, but Overstreet contends that the notice following the second complaint was the effective notice and that the suit was timely filed. We commence our analysis by first determining if the notice per the first complaint was controlling for purposes of resolving the question of jurisdiction.

Overstreet argues that her first complaint is not controlling because she did not designate Underwood as an *employer.* Although section 21.201 requires that a complaint state "facts sufficient to enable the commission to identify the *respondent,*" the statute does not require that the name of the employer be stated in a complaint. Similarly, section 21.254 authorizes a civil action against the *respondent.* In this context, we use the term *respondent* in its broad statutory context to include an employer as among others named therein. *See* § 21.002(13).

6

Among other allegations, by her first complaint, Overstreet expressly charged that:

I was retaliated against and terminated by Judge Underwood on 1/13/07 effective 1/29/07; and

Judge Underwood falsely accused me of improperly touching him and fired me in violation of the Texas Commission on Human Rights Act, as amended and Title VII of the Civil Rights Act of 1964, as amended.

These allegations are not uncertain or vague. To the contrary, they are express allegations of illegal acts against Underwood. Moreover, they are sufficient to cause the Department to appoint an investigator and send its notice of March 22, 2007, to Underwood requesting that he file a Respondent's Position Statement. After mediation failed and an investigator was appointed, Overstreet did not amend her complaint as permitted by section 21.201(e). We conclude that the complaint presented facts sufficient to enable the Commission to identify Underwood as a *respondent* as required by section 21.201. Accordingly, we hold that the first right to file suit notice dated April 26, 2007, is the controlling notice.

Next, we consider Overstreet's contentions that the "within 60 days" provision of section 21.254 is not jurisdictional, but is in effect a limitation statute subject to equitable tolling. We disagree.

Unlike sections 21.202 and 21.256 which are entitled Statute of Limitations for purposes specified, section 21.254 entitled Civil Action by Complainant grants the right to file a civil action against the *respondent* within sixty days after the date a notice per section 21.252 is received by the complainant. Overstreet's contention that section 21.254 is subject

7

to tolling as a limitation statute is inconsistent with the legislative scheme to expressly identify a limitation statute as such and is not supported by any authority. Also, section 21.254 is similar to the forty-day deadline for filing a suit seeking judicial review of a decision of the Workers' Compensation Commission per section 410.252(a) which is considered jurisdictional to an appeal. *See* Leblanc v. Everest National Insurance Company, 98 S.W.3d 786 (Tex.App.--Corpus Christi 2003, no pet.).

Moreover, the term *within* has various meanings, such as "any time before," "at or before," "at the end of," "before the expiration of," and "not later than." *See* Glenn v. Garrett, 84 S.W.2d 515, 516 (Tex.Civ.App.--Amarillo 1935, no writ). *See also* Kramek v. Stewart, 648 S.W.2d 399, 401 (Tex.App.--San Antonio 1983, no writ).

We conclude that Overstreet's first complaint was effective to allow her to file an action against Underwood and that the suit should have been filed within sixty days after her receipt of the first right to sue. Accordingly, we hold that this action was not timely filed and the trial court erred in overruling Underwood's plea to the jurisdiction.

Common Law Defamation

Next, we consider Overstreet's third issue contending the trial court erred in granting Underwood's traditional and no-evidence motions for summary judgment on her nonstatutory-common law defamation claim. As material here, the trial court held that (1) Underwood did not publish a defamatory statement concerning Overstreet, (2) there was no evidence that any statement made by Underwood constituted defamation and granted Underwood's no-evidence motion for summary judgment. Concluding (1) that the statement did not injure Overstreet in

8

her profession or occupation, (2) did not impute a crime, (3) did not impute a loathsome disease, and (4) did not impute sexual misconduct, we agree with the ruling of the trial court.

Overstreet's defamation claim is based on the disclosure by Underwood to the court reporter with Overstreet present, that his wife had indicated that she had observed instances of Overstreet's "improper touching" of Underwood. The adjective "improper" is generally defined as "not proper, fit or suitable." *See* Webster's New American Dictionary, 1995. The two words "improper touching" standing alone are not sexually suggestive or otherwise sensuous. The question before the trial court was not whether the use of the words "improper touching" was merely a poor choice of words. Rather, the discrete question presented to the trial court was whether the words were defamatory according to Texas common law.

Overstreet contends that by innuendo, the statement raises an inference that the "improper touching" suggested sexual advances. However, where, as here, the statement cannot properly be construed as ambiguous nor in the ordinary and proper meaning convey a defamatory interpretation, such meaning cannot be enlarged by claims of innuendo. Gartman v. Hedgpeth, 138 Tex. 73, 157 S.W.2d 139,141 (Tex. 1941); ABC, Inc. v. Shanks, 1 S.W.3d 230, 237 (Tex.App.--Corpus Christi 1999, pet. denied).

The test for innuendo is not how the plaintiff construes the words but how the statement would be construed by the average reasonable person or the general public. It is the duty of the trial court to make the determination and, if in the natural meaning of the statements, they are not capable of defamatory interpretation, summary judgment is proper. *See* Simmons v. Ware, 920 S.W.2d 438, 451 (Tex.App.--Amarillo 1996, no pet.). Moreover by deposition, Mrs. Underwood stated that her description of "improper  touching" was based on her personal

9

observations at a public reception and other events where she was present. Under such circumstances, it is not reasonable to imply by innuendo or otherwise, that Overstreet's conduct on the occasions when Mrs. Underwood was present, would be considered to be sexually suggestive or provocative.

Moreover, the statement does not suggest that Overstreet was not qualified for her position or that she was not a good employee, and does not discredit her qualifications, competency, or work ethic. Indeed, the summary judgment evidence shows that Overstreet was encouraged to return to work, but she declined to return to her former position.

Concluding that (1) the summary judgment evidence established that Underwood did not publish a defamatory statement, per se or otherwise, (2) there was no evidence that any statement made by Underwood constituted defamation, per se or otherwise, and (3) there was no evidence that Overstreet sustained any damages to her reputation, we hold the trial court did not err in granting the traditional and no-evidence motions for summary judgment and decreeing that Overstreet take nothing against Underwood. Overstreet's waiver of her second issue and this determination pretermits our consideration of all issues not addressed above.

The judgment of the trial court that Overstreet take nothing against Underwood is affirmed.

Don H. Reavis
Senior Justice

10