

# NUMBER 13-18-00033-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

AMANDA YVONNE CEDILLO,                                        Appellant,

v.

MCALLEN INDEPENDENT
SCHOOL DISTRICT,                                                 Appellee.

---

### On appeal from the County Court at Law No. 8
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Contreras

Appellant Amanda Yvonne Cedillo appeals from the grant of a plea to the jurisdiction filed by appellee McAllen Independent School District (McAllen ISD). By one issue, Cedillo argues that the trial court erred when it granted the plea to the jurisdiction. We affirm.

## I. BACKGROUND

Cedillo was employed as a teacher with McAllen ISD. On or about March 28, 2016, Cedillo was informed that her contract would not be renewed, and she filed an employment discrimination complaint against the school district with the Texas Workforce Commission (TWC).

On October 6, 2016, TWC sent Cedillo a notice which informed her of the dismissal of her complaint and of her right to file a civil action within sixty days. *See* TEX. LAB. CODE ANN. § 21.254 (West, Westlaw through 2017 1st C.S.). This notice, however, was deficient as it did not provide Cedillo with the reason for TWC's dismissal. *See id.* § 21.205(a) (West, Westlaw through 2017 1st C.S.). On October 12, 2016, TWC sent Cedillo an "amended" notice which stated that her complaint was dismissed because TWC was unable to conclude whether a statutory violation had occurred, and it again informed her of her right to file a civil action within sixty days. It is undisputed that Cedillo received these two notices, and certified mail receipts indicate Cedillo received the first notice on October 17, 2016, and the second amended notice on November 28, 2016.

On October 17, 2016, Cedillo filed an appeal of TWC's dismissal with the United States Equal Employment Opportunity Commission (EEOC). The EEOC dismissed Cedillo's complaint on December 7, 2016, and Cedillo then received a third notice from TWC on January 31, 2017. This third notice sent by TWC did not provide Cedillo with any new information and was almost identical to the amended notice sent on October 12, 2016.[1] Also, unlike the first two notices, the third notice was not sent through certified

---

[1] The third notice did not include the word "amended" in the title, and it included a new identifying designation for the complaint's record. All three notices included two "charge" numbers identifying the complaint's record with TWC and EEOC, respectively. In the third notice, the designation "CL-17-1493-H" was added next to these. The remainder of the two notices were identical, including the reason for the

2

mail.  *See id.* § 21.208 (West, Westlaw through 2017 1st C.S.) (providing that "the commission shall inform the complainant of the dismissal or failure to resolve the complaint in writing by certified mail").

Cedillo filed the underlying suit against McAllen ISD on March 29, 2017.  The school district filed a plea to the jurisdiction and argued that Cedillo's suit was untimely filed under Section 21.254 of the Texas Labor Code.  *See id.* § 21.254 ("Within 60 days after the date a notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent.").  After conducting two hearings, the trial court granted McAllen ISD's plea to the jurisdiction.  This appeal followed.

## II.  DISCUSSION

A plea to the jurisdiction is a dilatory plea that seeks to dismiss a cause for lack of subject-matter jurisdiction.  *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).  Its purpose is to defeat a cause of action without regard to whether the claims asserted have merit.  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).  We review the disposition of a jurisdictional plea de novo.  *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632 (Tex. 2015).  The plaintiff has the burden to allege facts that affirmatively demonstrate the trial court's jurisdiction to hear a case.  *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002).  We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent.  *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927 (Tex. 2015) (per curiam).  If the pleadings generate a fact question regarding the jurisdictional issue, a court cannot sustain the plea to the jurisdiction.  *Ryder*, 453 S.W.3d

---

dismissal of the complaint, the TWC employee who signed the notice, and the date the notice was signed—October 12, 2016.

at 927. If jurisdictional facts are relevant, we consider any evidence submitted by the parties to the trial court. *Blue*, 34 S.W.3d at 555.

To maintain a discrimination suit under the Texas Labor Code, a complainant must first exhaust his or her administrative remedies by filing a complaint with TWC. *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991) *overruled in part on other grounds by In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 310 (Tex. 2010); *El Paso Cty. v. Vasquez*, 508 S.W.3d 626, 633 (Tex. App.—El Paso 2016, pet. denied); *see* TEX. LAB. CODE ANN. §§ 21.0015, 21.003, 21.051, 21.201 (West, Westlaw through 2017 1st C.S.). If TWC dismisses the complaint, the complainant may then file an employment discrimination lawsuit no later than sixty days after receiving a "right to sue" notice from TWC. *See* TEX. LAB. CODE ANN. §§ 21.051, 21.205, 21.252, 21.254 (West, Westlaw through 2017 1st C.S.); *see also Martin v. Jasper Indep. Sch. Dist.*, No. 09-17-00195-CV, 2018 WL 2974490, at *3 (Tex. App.—Beaumont June 14, 2018, pet. filed) (mem. op.); *Price v. Univ. of Tex. at Brownsville-Tex. Southmost Coll.*, No. 13-16-00351-CV, 2017 WL 5505763, at *5 (Tex. App.—Corpus Christi Nov. 16, 2017, no pet.) (mem. op.). This sixty-day window begins to run on the date the plaintiff actually receives the notice from TWC. *See* TEX. LAB. CODE ANN. § 21.254; *Tex. Health & Human Servs. Comm'n v. Olguin*, 521 S.W.3d 403, 405 (Tex. App.—Austin, 2017, no pet.); *Zamora v. Tarrant Cty. Hosp. Dist.*, 510 S.W.3d 584, 587 (Tex. App.—El Paso 2016, pet. denied); *see also Martin*, 2018 WL 2974490, at *3. If suit is filed against a government employer outside of that sixty-day period, the trial court lacks jurisdiction. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008); *see also Price*, 2017 WL 5505763, at *5.

Here, Cedillo received TWC's amended notice informing her of the reason for TWC's dismissal and of her right to bring a civil suit on November 28, 2016. Thus, Cedillo needed to file suit by January 27, 2017, *see* TEX. LAB. CODE ANN. § 21.254, but she failed to do so and filed suit on March 29, 2017. Cedillo argues that the sixty-day filing deadline began when she received TWC's third notice on January 31, 2017, because her appeal to the EEOC tolled the sixty-day window triggered upon her receipt of TWC's amended notice on November 28, 2016. Cedillo, however, cites no authority, and we find none, supporting this contention.

On the contrary, there is case law rejecting the argument that an EEOC appeal tolls the sixty-day window established by section 21.254 and triggered by the plaintiff's receipt of a right to sue letter from TWC. In *Hansen v. Aon Risk Services of Texas*, the Southern District of Texas, Houston Division, rejected this argument and held that a claim filed more than sixty days after receipt of a right to sue letter from TWC was untimely even though the plaintiff had sought EEOC review eight days after the TWC letter was issued and filed suit within sixty days of the EEOC's notice of dismissal and right to sue letter. *See Hansen v. Aon Risk Servs. of Tex.*, 473 F. Supp. 2d 743, 747–48 (S.D. Tex. 2007). The court in *Hansen* explained that an EEOC appeal cannot toll the deadline in section 21.254 because an EEOC right to sue notice does not trigger the sixty-day period in that section. *See id.* at 746–48; *see also Vielma v. Eureka Co.*, 218 F.3d 458, 461–68 (5th Cir. 2000) (concluding that a right to sue notice from EEOC is not interchangeable with a right to sue notice from TWC and is thus incapable of triggering the sixty-day period under section 21.254 of the Texas Labor Code); *Overstreet v. Underwood*, 300 S.W.3d 905, 909–10 (Tex. App.—Amarillo 2009, pet. denied) (op. on reh'g) (rejecting the

argument that section 21.254 of the Texas Labor Code is subject to equitable tolling). Likewise, our sister courts in El Paso and Dallas have concluded that it is the right-to-sue letter from the TWC, not the EEOC, that triggers the sixty-day deadline set out in section 21.254. *Zamora*, 510 S.W.3d at 587 n.1 (citing *Hansen*, 473 F. Supp. 2d at 747); *Ledesma v. Allstate Ins.*, 68 S.W.3d 765, 767, 769–72 (Tex. App.—Dallas 2001, no pet.) (citing and agreeing with the conclusion in *Vielma*). Accordingly, we reject Cedillo's argument that her EEOC appeal tolled the sixty-day period triggered by her receipt of TWC's amended notice and right-to-sue letter on November 28, 2016. Thus, because Cedillo filed suit more than sixty days later on March 29, 2017, the trial court did not have jurisdiction to hear the case, and it properly granted McAllen ISD's plea to the jurisdiction. *See* TEX. LAB. CODE ANN. § 21.254; *Garcia*, 253 S.W.3d at 660; *see also Price*, 2017 WL 5505763, at *5.

We overrule Cedillo's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

DORI CONTRERAS
Justice

Delivered and filed the
23rd day of August, 2018.

6