COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| CYNDY ZAMORA, | § | No. 08-14-00104-CV |
| Appellant, | § | Appeal from the |
| v. | § | 352nd District Court |
| TARRANT COUNTY HOSPITAL | § | of Tarrant County, Texas |
| DISTRICT, d/b/a JPS HEALTH | | |
| NETWORK, | § | (TC# 352-269553-13) |
| Appellee. | § | |

## **O P I N I O N**

Cyndy Zamora ("Zamora") timely filed a wrongful termination suit against her state government employer, the Tarrant County Hospital District ("the Hospital"), ten days before the jurisdictional filing deadline set by TEX.LAB.CODE ANN. § 21.254 (West 2015) expired. However, her attorney failed to serve the Hospital with citation until twenty-eight days after that deadline expired because the district clerk letter containing citation got lost in the shuffle at his office in the days leading up to his Christmas vacation. The trial court granted the Hospital's plea to the jurisdiction and alternative motion for summary judgment, finding that Zamora failed to timely bring suit against a governmental defendant. Because we find a fact issue related to Zamora's counsel's diligence in this case, we reverse and remand.

## BACKGROUND
### *Factual History*

The Hospital, constituted as a county hospital district under Chapter 281 of the Texas Health and Safety Code, terminated Zamora's employment as a staff assistant on October 25, 2012.

On November 9, 2012, Zamora filed a discrimination charge with the United States Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission (TWC). The EEOC dismissed her charge and issued a right-to-sue letter on September 17, 2013. TWC dismissed its charge and also issued a right-to-sue letter on October 8, 2013, at Zamora's request. Zamora's counsel received the TWC right-to-sue letter on October 15, 2013. TWC's right-to-sue letter stated that under TEX.LAB.CODE ANN. § 21.252 & 21.254 (West 2015), Zamora had sixty days from the date of receipt to file a civil action against the Hospital if she wished. Neither party disputes that the sixty-day filing deadline that began when Zamora's counsel received the TWC right-to-sue letter expired on December 14, 2013.[1]

Zamora's counsel testified in his affidavit that "[a]s head of the Employment Section [at the law firm], I am responsible for drafting or reviewing all petitions that are filed." He further testified that at the time, he had one associate attorney in his second year of practice and a new paralegal working in the department. The associate attorney drafted the pleadings in this case, which Zamora's counsel reviewed on either December 3rd or 4th.[2] Zamora's counsel then filed

---

[1] It is the right-to-sue letter from the TWC, not the EEOC, that triggers the 60-day deadline set by TEX.LAB.CODE ANN. § 21.254. *See Hansen v. Aon Risk Servs. of Tex.*, 473 F.Supp.2d 743, 747 (S.D.Tex. 2007).

[2] Zamora's counsel explained that between October 15, 2013, and December 5, 2013, his schedule was as follows:

- A week of pre-trial preparation for a six-day trial in Dallas County District Court. The trial went from October 28 to 30, then from November 4 to 6, 2013.
- Four days of preparation and a pretrial conference on November 15 for a three-day trial in the United States District Court for the Northern District of Texas from November 18 to 20, 2013.
- Office closed for Thanksgiving Holiday.
- Out of office for travel with family from November 27 to December 2, 2013, to visit wife's terminally ill father in Iowa.

suit in this case on December 5, 2013, before sixty-day deadline expired, and requested issue of citation. The Tarrant County Clerk issued citation on December 11, and Zamora's counsel's office received the citation late in the day on December 13, a Friday. Zamora's counsel testified in an affidavit that "[t]he post office in my building has experienced occasional and sporadic problems with the mail, both in terms of things not being timely delivered and items not being timely received."

The following Monday and Tuesday,—December 16 and 17—Zamora's counsel was working from home and "a little in the office" on a post-verdict submission in one case and an appellate brief before the Fifth Court of Appeals in Dallas in another case. On Wednesday, December 18, Zamora's counsel attended a mediation in a third case. According to Zamora's counsel, the mediation had originally been set for a half-day, but the session went over time, and he did not return to the office that day. From December 18, 2013 until January 2, 2014, Zamora's counsel was out of the office "except for one short meeting about firm matters[.]" The law firm office was closed between December 23 and 25, 2013 for Christmas and again on December 31, 2013 and January 1, 2014, for the New Year.

Zamora's counsel testified that the first time he saw the citation letter from the District Clerk was when he returned to the office on January 2, 2014, at which point he "immediately had [his] assistant notify [his] process server to come obtain and serve citation." The process server obtained citation on January 3, 2014, and the Hospital was served on January 9, 2014 at 1 p.m. Zamora's counsel attested in his affidavit that "[i]n eighteen years of practicing law, I have never missed a filing deadline[,]" that "I exercised reasonable diligence in filing and serving Defendant in this case, and I could not have done more to serve Defendant earlier in light of the above facts[,]" and that "[i]n my opinion, it is reasonable for a plaintiff and for plaintiff's counsel to file

---

- Return to the office December 2, 2013.

3

cases and have those cases served on the defendant within thirty days of filing the case."

*Procedural History*

On February 4, 2014, the Hospital filed a plea to the jurisdiction and, in the event the filing deadline was not jurisdictional, an alternative motion for summary judgment asserting the affirmative defense of limitations. On March 6, 2014, the trial court signed three orders. First, the trial court granted the Hospital's plea to the jurisdiction. Second, the trial court signed an order striking several statements from Zamora's counsel's affidavit in which he claimed he used due diligence as being conclusory. The trial court also struck several passages from an expert affidavit submitted by G. David Smith in which he also concluded Zamora's counsel exercised reasonable diligence. It then stated in its order that it would not consider these passages in reaching its summary judgment decision. Third, the trial court granted the Hospital's motion for summary judgment.

This appeal followed.

**DISCUSSION**

In three issues, Zamora contends the trial court erred in granting the Hospital's plea to the jurisdiction and motion for summary judgment.

*Standard of Review and Applicable Law*

We review jurisdictional questions *de novo*. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). "The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). "Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Miranda*, 133 S.W.3d at 225-26. All statutory

4

prerequisites to suit against the government, including notice provisions, are jurisdictional. TEX.GOV'T CODE ANN. § 311.034 (West 2013). Where a party suing the government fails to comply with a mandatory statutory prerequisite to suit, the courts are jurisdictionally barred from hearing the claim. *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 510 (Tex. 2012).

*Chatha* established a three-step test to determine whether a condition set by statute is a jurisdictional "prerequisite to suit." First, the "prerequisite must be found in the relevant statutory language." *Id.* at 512. "Second, the prerequisite must be a requirement." *Id.* "And finally, the term 'pre' indicates the requirement must be met before the lawsuit is filed." *Id.* Post-suit notice requirements are not jurisdictional because they are not required to be "accomplished prior to filing suit." *Id.*; *see also Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 925 (Tex. 2011). If the statutory deadline does not meet the three prongs of the *Chatha* test, it is not a jurisdictional requirement, and a plea to the jurisdiction cannot be granted for violating a non-jurisdictional deadline. *Dallas Cnty. Sw. Inst. of Forensic Sci. & Med. Exam'r Dept. v. Ray*, 400 S.W.3d 219, 225 (Tex.App.--Dallas 2013, pet. denied); *Dallas Cnty. v. Hughes*, 189 S.W.3d 886, 888 (Tex.App.--Dallas 2006, pet. denied).

Because the Hospital also alternatively moved for summary judgment in the event we find that the sixty-day filing deadline is a non-jurisdictional statute of limitations, and because limitations is an affirmative defense that may only be raised on traditional and not no-evidence summary judgment review, *see Crockett Cnty. v. Klassen Energy, Inc.*, 463 S.W.3d 908, 911 (Tex.App.--El Paso 2015, no pet.), we set out the traditional summary judgment standard here. A party is entitled to summary judgment if there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). "A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively

establish that defense." *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997).

Where a defendant pleads limitations and proves service occurred after the statute of limitations

expired, the burden of proof shifts to the plaintiff to "present evidence regarding the efforts that

were made to serve the defendant, and to explain every lapse in effort or period of delay."

*Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). "[I]f the plaintiff's explanation for the delay

raises a material fact issue concerning the diligence of service efforts, the burden shifts back to

the defendant to conclusively show why, as a matter of law, the explanation is insufficient." *Id.*

## *Analysis*
## **Passages Stricken from Affidavit**

At the outset, we address Zamora's complaint regarding the trial court's striking of

certain affidavit passages in Issue Two. Zamora maintains the trial court abused its discretion by

striking several passages from the affidavits of Zamora's counsel and his expert.[3] Zamora argues

that these passages were competent summary judgment evidence that the trial court should have

---

[3] As laid out in the strike order, the trial court struck the following passages from Zamora's counsel's affidavit:

- "I exercised reasonable diligence in filing and serving the Defendant in this case."
- "nor do I consider service on Defendant in this case to constitute missing a filing deadline."
- "In my opinion it is reasonable for a plaintiff and for plaintiff's counsel to file cases and have those cases served on defendant within thirty days of filing the case."
- "I have handled hundreds of cases on behalf of plaintiffs and I diligently file and serve parties, and was diligent in serving Defendant in this case, particularly in light of the above facts."
- "I used the diligence a reasonable person and a reasonable attorney would use in filing and serving Defendant in this cause under the same or similar circumstances."

The trial court also struck the following passages from the Smith Declaration:

- "It is my legal and professional opinion that Mr. Scott exercised reasonable and due diligence in filing and serving this lawsuit on Defendant."
- "In particular, it is not at all unusual for attorneys to take time away from work during the holidays, and it is my legal and professional opinion that the short delay between Mr. Scott's office's receipt of citation, in this case and when Mr. Scott saw the citation and transmitted it to his process server to serve on Defendant was not unreasonable nor does it show a lack of due diligence by Mr. Scott in serving Defendant in this case."
- "In my legal and professional opinion, it is reasonable for a plaintiff and for plaintiff's counsel to file cases and have those cases served on the defendant within thirty days . . . ."
- "In my legal and professional opinion, Mr. Scott used the diligence a reasonable person and a reasonable attorney would use in filing and serving Defendant in this case under the same or similar circumstances."

6

considered, and that we may consider on appeal.  We disagree.

Conclusory statements in affidavits are not competent summary judgment evidence, and may be stricken.  *Trinity River Estates, L.P. v. DiFonzo*, No. 2-08-393-CV, 2009 WL 1506928, at *4 (Tex.App.--Fort Worth May 28, 2009, no pet.)(mem. op.).  "Legal conclusions in affidavits have no probative force."  *801 Nolana, Inc., v. RTC Mortg. Tr. 1994-S6*, 944 S.W.2d 751, 754 (Tex.App.--Corpus Christi 1997, writ denied).  Here, all statements that the trial court struck from Zamora's counsel's affidavit and the Smith Declaration were bare legal conclusions.  The trial court did not err in excluding those statements from its consideration of this issue.  Issue Two is overruled.  Having addressed this matter, we proceed.

### Deadline to Serve Government Entity Under Section 21.254

At the heart of this case is what it means to "bring a civil action" within sixty days of a right-to-sue letter under Section 21.254.  The Hospital believes bringing a civil action entails both filing and service within sixty days because it is a governmental entity that is otherwise immune from suit; In Issue Three, Zamora maintains only timely filing of the suit is technically required by the statute.  We agree with Zamora that only timely filing of suit is required by statute, and that late service on a government entity may be excused so long as the plaintiff exercises due diligence in serving process.

The Fort Worth Court of Appeals, from whom we received this case on a Supreme Court transfer order, previously applied the relation-back doctrine to service on a government defendant in *Tex. Comptroller of Pub. Accounts v. Landsfeld*, No. 2-07-266-CV, 2008 WL 623832, at *3 (Tex.App.--Fort Worth Mar. 6, 2008, no pet.)(mem. op.)(affirming denial of plea to jurisdiction where plaintiff timely filed suit but failed to serve proper agent for months because assistant attorney general falsely represented that she was proper service agent).

7

*Landsfeld* was decided pre-*Chatha*, and the Hospital argues that after *Chatha*, the relation-back doctrine no longer applies to service on government defendants because it is a form of "equitable tolling" that the Legislature sought to eliminate in suits against government entities. *See Goss v. City of Houston*, 391 S.W.3d 168, 174 (Tex.App.--Houston [1st Dist.] 2012, no pet.)(refusing to apply equitable tolling to statute of limitations in suit against city because doing so would contravene legislative intent). The Hospital reads *Goss* too broadly. *Goss* dealt with a plaintiff who sought equitable tolling after filing suit "well outside the statutory limitations period[,]" not a plaintiff who timely filed suit. *Id*. at 173. Further, *Goss*' analysis of legislative intent was limited solely to whether the Texas Legislature intended to replicate equitable tolling available for federal employment claims in the state employment claim arena. *Id*. at 174.

Instead, we believe *Landsfeld* was correctly decided and that the relation-back doctrine applies to service on government defendants. Under the Code Construction Act, which applies to our interpretation of the Labor Code, "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." TEX.GOV'T CODE ANN. § 311.011(b)(West 2013)(Code Construction Act). At common law, "'[b]ringing suit' within a limitations period involves both filing a petition within the applicable time period and exercising due diligence in serving the defendant with citation." *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 49 (Tex.App.--San Antonio 1999, pet. denied). Under this definition, tardy service after a statute of limitations has expired is excused if the plaintiff exercised due diligence in attempting to serve the defendant. *Id*. There is nothing in the Labor Code that suggests a substantive difference between the common law definition of "bringing suit" and the statutory definition of "bring a civil action." Thus, we interpret the language in TEX.LAB.CODE ANN. § 21.254 requiring Zamora to "bring a civil action" within

8

sixty days of receiving the right-to-sue letter as not requiring actual service of process on the Hospital within that sixty-day period in order to preserve her right to judicial review—so long as she exercised due diligence in effecting service on the Hospital.

**Due Diligence**

Neither party disputes that Zamora timely filed her claim within the statute of limitations period. As such, under the relation-back doctrine, the only question outstanding is whether she exercised due diligence in effecting service on the Hospital. *Rodriguez*, 13 S.W.3d at 49. In Issue One, Zamora argues that she raised a fact issue on diligence.

The existence of due diligence is usually a fact question determined by a two-prong test: (1) whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was served. *Tranter v. Duemling*, 129 S.W.3d 257, 259 (Tex.App.--El Paso 2004, no pet.). "The question may be determined as a matter of law only if [1] no valid excuse exists for the delay or if [2] the lapse of time and the plaintiff's actions, or inaction, conclusively negate diligence." *Id*.; *see also Keeton v. Carrasco*, 53 S.W.3d 13, 18 (Tex.App.--San Antonio 2001, pet. denied). "Unexplained lapses of time between filing of the suit, issuance of citation, and service of process may be sufficient to conclusively establish lack of diligence." *Cooper v. Balderas*, No. 08-00-00076-CV, 2001 WL 925772, at *1 (Tex.App.--El Paso Aug. 16, 2001, pet. denied)(not designated for publication).

The record shows that Zamora's counsel made no attempt at service between December 5 and January 2, a period of twenty-eight days. However, eight days of that twenty-eight day period fell on weekends. Additionally, while the remaining twenty days ostensibly constituted business days in which Zamora's counsel could have attempted service, Zamora's counsel's

9

office did not receive issuance of citation from the district clerk in the mail until December 13 and could not begin attempting service until that date. The delay period also encompassed "the holiday season of Christmas, New Year's, and Chanukah[,] all fall[ing] in December." *Cooper*, 2001 WL 925772, at *5 (excusing break in attempts service between November 24, 1998 and January 1999 based on holiday period). Excluding weekends, Christmas Eve, Christmas Day, New Year's Eve, and New Year's Day, the total delay period between receipt of citation from the district clerk and Zamora's counsel was nine business days. While we must look to acts and not necessarily the length of delay to determine reasonableness, *Tranter* and *Cooper* also establish that the question of whether it is reasonable for an attorney to delay service attempts for nine business days during the holiday season is a fact question. *See Tranter*, 129 S.W.3d at 259; *Cooper*, 2001 WL 925772, at *1. Based on the presence of this fact question, we reverse and remand.

Issues One, Two, and Three are sustained.

## CONCLUSION

The judgment of the trial court is reversed and we remand for further proceedings.


April 8, 2016

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

10