**TEXAS HEALTH AND HUMAN SERVICES COMMISSION,**
**Appellant**

v.

**Albert OLGUIN, Appellee**

**NO. 03-16-00323-CV**

Court of Appeals of Texas,
Austin.

Filed: May 24, 2017

404

Mr. Dominic C. Audino, The Law Offices of Dominic Audino, One Arboretum Plaza, 9442 N. Capital of Texas Highway, Ste. 500, Austin, TX 78759, for Appellee.

Mr. Andrew Stephens, Office of the Attorney General, P. O. Box 12548, Capitol Station, Austin, TX 78711-2548, for Appellant.

Before Justices Puryear, Pemberton, and Goodwin

## OPINION

Melissa Goodwin, Justice

The Texas Health and Human Services Commission (HHSC) appeals from the tri-al court's denial of its plea to the jurisdiction. Albert Olguin brought suit against HHSC pursuant to the Texas Commission on Human Rights Act (TCHRA), alleging discrimination, retaliation, and aiding and abetting discriminatory behavior. *See* Tex. Lab. Code §§ 21.051, .055, .056. HHSC filed a plea to the jurisdiction alleging that Olguin had failed to file and serve his lawsuit within the statutory deadline. *See id.* § 21.254. The trial court denied the plea, and HHSC filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). For the reasons that follow, we affirm the trial court's order.

## BACKGROUND

Olguin is a former HHSC employee whose employment was terminated on July 29, 2014. Olguin filed a charge of discrimination against HHSC with the Texas Workforce Commission Human Rights Division (TWC), alleging that his termination was the result of discrimination and retaliation.[1] TWC issued a Notice of Right to File a Civil Action, or "right to sue letter," which Olguin received on May 4, 2015. Under section 21.254 of the TCHRA, Olguin had 60 days from his receipt of the right to sue letter to "bring a civil action" against HHSC. *See* Tex. Lab. Code § 21.254. Olguin filed suit against HHSC on June 29, 2015, four days before the expiration of the 60-day deadline for filing suit, alleging discrimination, retaliation, and aiding and abetting discriminatory behavior. *See id.* §§ 21.051, .055, .056. For reasons not entirely clear, but apparently because of a clerical error on the part of the district clerk's office, citation was not served on HHSC until July 20, 2015, more than 60 days after Olguin's receipt of the right to sue letter. HHSC filed its plea to

---

1. As discussed below, the parties disagree as to the extent of the claims made in Olguin's charge, but that dispute is not at issue in this appeal.

the jurisdiction, seeking dismissal of Olguin's claims based on his failure to timely file and serve his suit against HHSC. HHSC also sought dismissal of Olguin's claims for retaliation and aiding and abetting discriminatory behavior on the ground that Olguin had failed to exhaust his administrative remedies by failing to assert those claims in his charge of discrimination filed with TWC. *See University of Tex. v. Poindexter*, 306 S.W.3d 798, 807 (Tex. App.—Austin 2009, no pet.) (holding that before bringing suit, plaintiff must file administrative complaint with EEOC or TWC and that suit is limited to specific issues made in administrative complaint).

Olguin filed a response in which he explained that he had filed his petition electronically through an electronic filing service; that at the time he filed suit, he had requested issuance of citation; that due to a clerical error, no citation had issued; and that as soon as Olguin discovered that citation had not issued, he again requested citation, which was served five days after his second request. Olguin attached as evidence his attorney's affidavit and the receipt from the electronic filing service. The receipt contained a section entitled "Note to Clerk," stating "Applicable Fees are: Filing Fee of $252.00; and $8.00 for citation on the Defendant TEXAS HEALTH AND HUMAN SERVICES COMMISSION I will have this served via private process server...." After a hearing and supplemental briefing, the trial court granted the plea as to the claim for aiding and abetting discriminatory behavior and denied it as to the discrimination and retaliation claims. HHSC then filed this interlocutory appeal.[2] *See* Tex. Civ. Prac. Rem. & Code § 51.014(a)(8).

## APPLICABLE LAW AND STANDARD OF REVIEW

 Sovereign immunity bars suits against the state and its entities unless the state consents by waiving immunity. *See Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 512–13 (Tex. 2012). "[T]he manner in which the government conveys its consent to suit is through the Constitution and state laws." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008). Thus, " 'it is the Legislature's sole province to waive or abrogate sovereign immunity.' " *Id.* (quoting *Texas Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002)). One such waiver can be found under the TCHRA, which provides that an employer may not, on certain specified bases, discriminate, retaliate, or aid and abet in discriminatory behavior against an employee, *see* Tex. Lab. Code §§ 21.051, .055, .056, and that a complainant may bring suit against the employer within 60 days after receiving notice of a right to sue, *see id.* § 21.254; *see also Garcia*, 253 S.W.3d at 660 (holding that "the TCHRA clearly and unambiguously waives immunity" and that Legislature has consented to suits brought under TCHRA "provided the procedures outlined in the statute have been met").

 Because sovereign immunity deprives a trial court of subject matter jurisdiction in a pending case, it is properly asserted in a plea to the jurisdiction. *Engelman Irrigation Dist. v. Shields Bros.*, 514 S.W.3d 746, 752 (Tex. 2017) (holding that sovereign immunity implicates subject matter jurisdiction, but not to an extent allowing collateral attack on final judg-

**2.** On appeal, HHSC does not complain of the trial court's ruling on the ground that Olguin failed to exhaust his administrative remedies as to the retaliation claim, and Olguin has not filed a cross-appeal from the trial court's ruling as to the claim of aiding and abetting discriminatory behavior.

ment); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 223, 226 (Tex. 2004). We review ultimate questions of the trial court's subject matter jurisdiction de novo. *See Miranda*, 133 S.W.3d at 226. Our resolution of the jurisdictional inquiry in this case involves statutory construction, which is itself a question of law that we review de novo. *See Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). Our primary concern in construing a statute is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We apply the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context or unless the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010).

## DISCUSSION

In a single issue, HHSC contends that the trial court erred in denying its plea to the jurisdiction because Olguin failed to meet the deadline in section 21.254 for "bringing a civil action." Section 21.254 provides that "[w]ithin 60 days after the date a notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent." *See* Tex. Lab. Code § 21.254. It is undisputed that Olguin timely filed suit but did not serve HHSC until more than 60 days after receiving notice of his right to file a civil action. Relying primarily on *Chatha*, 381 S.W.3d 500, HHSC argues that timely filing suit is a jurisdictional prerequisite in a suit against a governmental entity and that bringing suit under section 21.254 includes both filing *and* serving the governmental defendant within the 60-day deadline.

In *Chatha*, the Texas Supreme Court addressed whether Chatha's failure to timely file her complaint with TWC within 180 days after the alleged unlawful employment practice occurred, as required by section 21.202 of the TCHRA, was a jurisdictional bar to suit. *See id.* at 502, 510. The court examined section 311.034 of the Texas Government Code, which provides in relevant part that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." *See id.* at 510–11 (quoting Tex. Gov't Code § 311.034 (entitled "Waiver of Sovereign Immunity")). The court observed that the Legislature had amended section 311.034 in response to the court's holding in *University of Texas Southwestern Medical Center at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 354, 364–65 (Tex. 2004), *superceded by statute on other grounds*, Act of May 25, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783, 3783 (codified at Tex. Gov't Code § 311.034)—that failure to provide pre-suit notice under section 101.101(a) of the Texas Torts Claims Act was not a jurisdictional defect—and concluded that the amendment "evinces the Legislature's intent that all statutory prerequisites are now jurisdictional requirements as to governmental entities." *Chatha*, 381 S.W.3d at 511. The court then determined that the administrative filing deadline under section 21.202 is a statutory requirement that must be complied with before filing suit and is thus a statutory prerequisite under section 311.034 so that Chatha's failure to file her complaint within the deadline in section 21.202 jurisdictionally barred her suit. *Id.* at 513–14.

Under *Chatha*, HHSC argues, section 21.254's requirement to "bring suit" within 60 days of receipt of a right to sue letter is a jurisdictional requirement that Olguin failed to meet by failing to serve HHSC

within 60 days in addition to filing suit. Olguin contends that because he timely brought suit and thereafter exercised due diligence in serving HHSC, his suit is not jurisdictionally barred. HHSC does not dispute that under the due diligence defense doctrine, service of citation "relates back" to the date of filing or that Olguin exercised due diligence in obtaining service after the 60-day deadline but argues that the due diligence defense to untimely service following timely filing of suit is unavailable in a suit against a governmental entity where timely filing suit is jurisdictional. The question, then, is what it means under section 21.254 to "bring a civil action" within 60 days of a right to sue letter—filing only or both filing and service. A related question is whether service, after timely filing, is a statutory prerequisite under 311.034 so that Olguin's failure to serve HHSC within the 60-day deadline of section 21.254 is a jurisdictional bar to suit. *See* Tex. Gov't Code § 311.034; Tex. Lab. Code § 21.254; *Chatha*, 381 S.W.3d at 512.

■ ■ Under section 311.034, "[t]he term 'statutory prerequisite' has three components." *Chatha*, 381 S.W.3d at 511. First, it must be found in the relevant statutory language. *Id.* at 511–12. Second, it must be a requirement. *Id.* at 512. Third, as the term "pre" indicates, it must be required to be met before the lawsuit is filed. *Id.* "Thus, according to the plain language of section 311.034, the term 'statutory prerequisite' refers to statutory provisions that are mandatory and must be accomplished prior to filing suit." *Id.*; *see Marks*, 319 S.W.3d at 663. In analyzing section 21.254 in light of these components, we first observe that it neither refers to nor expressly requires service of process. *Cf. TJFA v. Texas Comm'n on Envtl. Quality*, 368 S.W.3d 727, 731, 733 (Tex. App.—Austin 2012, pet. denied) (interpret-

ing statutory provision in Health and Safety Code requiring that "[s]ervice of citation must be accomplished not later than the 30th day after the date on which the petition is filed" and concluding that service was not statutory prerequisite "given that the service deadline occurs after a suit has been filed") (quoting Tex. Health & Safety Code § 361.321(c)).

As for the third component, the Texas Supreme Court has expressly distinguished between statutory prerequisites to suit and requirements that can be met only after suit is filed. *See Roccaforte v. Jefferson Cty.*, 341 S.W.3d 919, 925 (Tex. 2011) (interpreting section 89.0041 of Local Government Code, which requires that person suing county or county official provide certain notice, and holding that section 311.034 "applies to *prerequisites* to suit, not to notice requirements that can be satisfied only *after* suit is filed"). Likewise, this Court has previously addressed what qualifies as a statutory prerequisite to suit and, consistent with the Texas Supreme Court's reasoning in *Chatha* and *Roccaforte*, concluded that a statutory prerequisite is "a step or condition that must be satisfied before the suit against the state can be filed." *Scott v. Presidio Indep. Sch. Dist.*, 266 S.W.3d 531, 535 (Tex. App.—Austin 2008), *rev'd on other grounds*, 309 S.W.3d 927 (Tex. 2010) (concluding that requirement that all parties agree to allow suit to occur in Travis County before suit is filed is statutory prerequisite to suit and, therefore, jurisdictional); *see TJFA*, 368 S.W.3d at 731 (adopting Presidio's construction of statutory prerequisite and noting it was consistent with analyses of sister courts); *see also Baldonado v. Texas Dep't of Health and Human Servs.*, No 13-11-00167-CV, 2012 Tex. App. LEXIS 7426 at *8 (Tex. App.—Corpus Christi Aug. 27, 2012, pet. denied) (mem. op.) (" 'Statutory prerequisites to sue' are, by definition,

things that must be done before suit is filed.").

▅ In addressing the statutory provision at issue in this case, the Thirteenth Court of Appeals observed that, in contrast to steps that must be taken before suit is filed, "service of citation is done after suit is filed" and concluded that "service of citation within the 60-day filing period in section 21.254 is not an act that can be performed prior to filing suit and is therefore not a 'prerequisite' to filing suit and is not a jurisdictional requirement for purposes of section 311.034 of the government code." *Baldonado*, 2012 Tex. App. LEXIS 7426, at *9–10. We agree with our sister court's analysis of section 21.254. Further, "[a]t common law, " 'bringing suit" within a limitation period involves both filing a petition within the applicable time period and exercising due diligence in serving the defendant with citation.' " *Zamora v. Tarrant Cty. Hosp. Dist.*, 510 S.W.3d 584, 591 (Tex. App.—El Paso, pet. denied). There is nothing in section 21.254 to suggest "a substantive difference between the common law definition of 'bringing suit' and the statutory definition of 'bring a civil action.' " *Id.* at 591.

▅ In addition, as this Court observed in *TJFA*, "a determination that service is not a jurisdictional requirement is consistent with the manner in which a trial court's jurisdiction is invoked. Under governing case law, filing a petition endows a trial court with subject-matter jurisdiction provided that the case involves a dispute that the trial court has authority to adjudicate. In other words, the authority of the court to act in the matter is properly invoked by filing a petition alleging a claim falling under the jurisdiction of the court." 368 S.W.3d at 732 (citations omitted). If the suit asserts claims that do not fall within the court's subject matter jurisdiction, the case is subject to a plea to the jurisdiction. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009) (stating that when plea to jurisdiction challenges pleadings, we must determine if pleader has alleged sufficient facts to affirmatively demonstrate trial court's jurisdiction to hear cause).

▅ Informed by Texas Supreme Court authority and guided by the prior reasoning of this Court and of our sister courts, we conclude that to "bring suit" within the 60-day deadline under section 21.254 does not require service of process within that period in addition to filing suit and that service of process within the 60-day deadline in section 21.254 is not a statutory prerequisite under section 311.034. *See Zamora*, 510 S.W.3d at 591 (interpreting language in section 21.254 requiring plaintiff to "bring a civil action" within 60 days of receiving right to sue letter as "not requiring actual service of process . . . within that sixty-day period in order to preserve [the plaintiff's] right to judicial review—so long as [the plaintiff] exercised due diligence in effecting service"); *Baldonado*, 2012 Tex. App. LEXIS 7426, at *9 (stating that "[s]ince it is impossible for service of citation to take place prior to filing suit, service of citation cannot be considered a statutory prerequisite to filing suit"); *TJFA*, 368 S.W.3d at 731–33 (construing statutory provision expressly providing for service of process within 30 days of the date petition is filed, noting that statutory deadline for executing service of process was "*after* the suit has been filed," and holding that execution of service was not statutory prerequisite to suit).

▅ We similarly conclude that there can be no contention that Olguin's suit is jurisdictionally barred where, as here, he exercised due diligence in effecting service on HHSC. *See Zamora*, 510 S.W.3d at 591 (holding that plaintiff had preserved right

to judicial review by filing suit within deadline under section 21.254 so long as she had exercised due diligence in service and determining there was fact issue as to due diligence); *TJFA*, 368 S.W.3d at 733 (stating that untimely service is not jurisdictional defect but is in nature of failure to comply with statute of limitations where defendant may argue case should be dismissed for untimely service); *Texas Comptroller of Pub. Accounts v. Landsfeld*, No. 02-07-00266-CV, 2008 WL 623832, at \*2–3, 2008 Tex. App. LEXIS 1736, at \*1–2, 5–10 (Tex. App.—Fort Worth Mar. 6, 2008, no pet.) (mem. op.) (applying due diligence analysis to suit brought under section 21.254 and concluding fact issue existed as to due diligence).

HHSC argues that equitable defenses such as due diligence are not available where timely service determines whether a plaintiff has invoked the jurisdiction of the court. HHSC cites *Chatha*, in which the majority, in responding to the concerns expressed by the dissent, stated: "The potential absence of equitable defenses against governmental entities that retain their immunity is sovereign immunity's most basic tenet." 381 S.W.3d at 515. However, the *Chatha* dissent's concern about the loss of equitable defenses and the majority's response were based on the majority's construction of section 21.002 as a statutory prerequisite to suit. *See id.* at 524 ("There are procedural implications to calling something jurisdictional.") (Jefferson, J., dissenting). The rationale behind precluding equitable defenses to the failure to meet jurisdictional prerequisites appears to be the concern that otherwise a plaintiff could "create" jurisdiction. *See Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex. 2001) (per curiam) (declining to apply estoppel where plaintiff failed to exhaust administrative remedies that were "a prerequisite to the trial court's jurisdiction" and where defen-

dant alleged school district was estopped from asserting lack of jurisdiction by attorney's conduct and stating that "a court cannot acquire subject-matter jurisdiction by estoppel"); *see also In re United Servs. Auto. Ass'n (USAA)*, 307 S.W.3d 299, 311 (Tex. 2010) (noting that equitable tolling "may not apply *if a statutory requirement is deemed jurisdictional*" and applying statutory tolling provision to non-jurisdictional filing deadline) (emphasis added); *Little v. Texas Bd. of Law Exam'rs*, 334 S.W.3d 860, 864 (Tex. App.—Austin 2011, no pet.) (distinguishing non-jurisdictional filing deadline in *USAA* and declining to apply same statutory tolling provision to jurisdictional deadline); *Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 835–36 (Tex. App.—Austin 2003, pet. denied) (declining to apply both statutory tolling provision and equitable tolling to jurisdictional deadline). Because we have determined that service is not a jurisdictional prerequisite under section 21.254, that concern is not implicated here.

HHSC does not dispute that Olguin exercised due diligence in service. We conclude that Olguin is not jurisdictionally barred from suit and that the trial court did not err in denying HHSC's plea to the jurisdiction. We overrule HHSC's issue.

## CONCLUSION

Having overruled HHSC's sole issue, we affirm the trial court's order denying HHSC's plea to the jurisdiction as to Olguin's discrimination and retaliation claims.