**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00195-CV**
_____

**JACQUELINE MARTIN, Appellant**

**V.**

**JASPER INDEPENDENT SCHOOL DISTRICT, Appellee**

**On Appeal from the 1st District Court**
**Jasper County, Texas**
**Trial Cause No. 35883**

**MEMORANDUM OPINION**

Jacqueline Martin raises two appellate issues challenging the trial court's order granting Jasper Independent School District's plea to the jurisdiction. In issue one, Martin argues that the trial court erred by finding that her petition was not timely filed, and in issue two, Martin contends the trial court erred by treating the timeliness of her petition as a jurisdictional fact. For the reasons explained herein, we reverse

1

the trial court's order granting the plea to the jurisdiction and remand the cause for further proceedings consistent with this opinion.

BACKGROUND

Martin filed suit against Jasper Independent School District ("JISD") for alleged employment discrimination. Martin, an African American professional educator, pleaded that she is certified to serve as a school counselor in Texas, but was demoted and replaced by a "less qualified white female[.]" In addition, Martin alleged that when a position became available at an elementary school, she applied and was denied an interview, and a less qualified white female was hired. According to Martin's petition, when she spoke with the superintendent, he was "sarcastic[] and dismissive." Martin asserted that she had been subjected to racial discrimination in violation of the Texas Labor Code, denied protected interests without due process, and subjected to retaliation for exercising her right to protected expression and opposing allegedly discriminatory employment practices.

In response, JISD filed a plea to the jurisdiction and original answer. JISD asserted that Martin's petition was not timely filed because the "limitations period" expired on Thursday, September 29, 2016. JISD asserted that because Martin's petition was not timely filed, no live controversy between the parties exists. JISD pleaded that (1) Martin therefore lacked standing; (2) JISD had not waived its

2

governmental immunity; and (3) the Court lacks subject matter jurisdiction over Martin's claims. JISD asked that the trial court "dismiss Martin's claims against it for lack of subject matter jurisdiction."

According to JISD's plea to the jurisdiction, on July 28, 2016, the Texas Workforce Commission ("TWC") sent a letter to Martin's attorney, advising of Martin's right to sue JISD under state law within sixty days. The letter, which was addressed and mailed to Martin in care of her attorney, stated as follows, in pertinent part:

> The above-referenced case was processed by the United States Equal Employment Opportunity Commission, or a local agency. Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

JISD attached the July 28 letter as an exhibit to its plea to the jurisdiction. In her petition, Martin pleaded that she received the letter from TWC on August 2, 2016. Martin filed her petition on October 3, 2016. JISD pleaded that its attorney physically received a copy of the notice letter from TWC on August 1, 2016.

In her response to JISD's plea to the jurisdiction, Martin contended that she timely filed suit and JISD had therefore waived its governmental immunity. Specifically, in contrast to the earlier asserted date of August 2, Martin argued in her response that "[d]espite [JISD]'s contentions to the contrary, Martin did not receive

3

TWC's right-to-sue [letter] until October 3, 2016." According to Martin's response, neither Martin nor her attorney received the right-to-sue letter until October 3, 2016, when it was faxed to counsel. Attached to Martin's response were, among other things, a July 11, 2016, letter her counsel wrote to TWC requesting a right-to-sue letter; a copy of TWC's letter of July 28, 2016; and a fax cover sheet bearing the letterhead of TWC's Civil Rights Division, which indicates that TWC faxed a copy of its July 28 right-to-sue letter to Martin's counsel on October 3. Defense counsel provided as an exhibit to his reply to Martin's response to JISD's plea to the jurisdiction an October 3rd email from an administrative assistant at TWC to Martin's counsel, in which the assistant states that TWC "received a request for a right to sue and one was issued by our office on 7/28/16[]" and indicates that she faxed a copy to Martin's counsel on that date.

In a supplemental response to JISD's plea to the jurisdiction, Martin pleaded as follows:

> Upon another review of this matter, Plaintiff's counsel recently learned that two files had been created for the client Jacqueline Martin, labeled 2015 Martin, Jacqueline and Martin, Jacqueline, respectively. After assessing the files, Plaintiff's counsel learned that a right-to-sue [letter] had been received from TWC and scanned into the filing system.
> . . . .
> Plaintiff's counsel then conducted a review of the paper files and found the paper version which matched the scanned version of the right

4

to sue, mis[]filed, but which matched the original date Plaintiff's counsel stated the right-to-sue was received, August 2, 2016.

. . . .

Plaintiff's counsel's office procedure has always been to stamp or write the date of receipt of any mailings related to client matters on the envelope and correspondence before scanning and filing into the system. This was done on both notices received from TWC.

Attached to Martin's supplemental response as exhibits were screenshots of the directory from Martin's counsel's computer, showing that two files on Martin's case existed; a copy of the TWC right-to-sue letter, which had been stamped "August 2, 2016[;]" and a copy of the TWC envelope, which was likewise stamped "August 2, 2016[.]"

At the hearing on JISD's plea to the jurisdiction, Martin's counsel explained on the record in open court[1] that during the summer of 2016, he had a legal assistant who had cognitive issues. According to counsel, said legal assistant created a second cyber file on Martin's case, and the notice from TWC, which was received on August 2, "was calendared by her into the file that she knew about but not . . . the cyber file . . . that I worked out of." Counsel stated that due to his own health issues, he began to audit his office's files, and he did not see the TWC notice in the version of

---

[1]JISD's counsel did not object to the unsworn factual assertions made by Martin's counsel on the record in open court.

Martin's file that he worked from, so he requested and received another copy of the letter from TWC. Counsel further explained:

> [I]n the interim we have serendipitously located the file that had been kept by my former legal assistant, who hasn't been with me since October 15th; and in that file we located the TWC right to sue letter and the calendaring of it for October 3rd, which was timely and the suit was filed on October 3rd.

Martin's counsel argued that he had provided "clear evidence" regarding when he received notice, so "there is no need to analyze the mailbox rule." JISD's counsel contended that the Texas Rules of Civil Procedure apply to provide certainty and clarity regarding when the sixty-day period begins. JISD's counsel also asserted that the mailbox rule, which provides an additional three days after a notice has been deposited in the mail, governs, making the date of receipt July 31 (and therefore, Martin's deadline for filing suit was September 29). *See* Tex. R. Civ. P. 21a(c); *see also* Tex. R. Civ. P. 4. The trial court signed an order granting JISD's plea to the jurisdiction, and Martin appealed.

## ISSUE ONE

In her first issue, Martin argues that the trial court erred by finding that she did not timely file her lawsuit because the sixty-day period is triggered by actual receipt of the right-to-sue letter, not constructive receipt. "A plea to the jurisdiction is a dilatory plea, the purpose of which is 'to defeat a cause of action without regard

6

to whether the claims asserted have merit.'" *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We review the trial court's order granting a plea to the jurisdiction *de novo*. *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In reviewing a plea to the jurisdiction, we look to the allegations in the pleadings, construe them in favor of the plaintiff, and look to the pleader's intent. *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). The plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction to hear a case. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002). If jurisdictional facts are relevant, we consider any evidence submitted by the parties to the trial court. *Blue*, 34 S.W.3d at 555. When, as here, the trial court did not make findings of fact, we presume that the trial court resolved all factual disputes in favor of its determination, and we then determine whether the trial court's implied findings are supported by legally sufficient evidence. *McAllen Indep. Sch. Dist. v. Espinosa*, No. 13-11-00563-CV, 2012 WL 3012657, at *3 (Tex. App.—Corpus Christi June 15, 2012, no pet.).

Section 21.254 of the Texas Labor Code provides as follows: "Within 60 days after the date a notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent." Tex. Labor Code Ann. § 21.254

7

(West 2015). Appellate courts construing the sixty-day period set forth in section 21.254 have held that the period begins to run on the date the plaintiff actually receives the notice. *See Tex. Health and Human Servs. Comm'n v. Olguin*, 521 S.W.3d 403, 405 (Tex. App—Austin 2017, no pet.); *Zamora v. Tarrant Cnty. Hosp. Dist.*, 510 S.W.3d 584, 587 (Tex. App.—El Paso 2016, pet. denied); *Windle v. Mary Kay, Inc.*, No. 05-02-00252-CV, 2003 WL 21508782, at *1 (Tex. App.—Dallas July 1, 2003, pet. denied). JISD would have us follow *Hansen v. AON Risk Servs. of Tex., Inc.*, 473 F.Supp.2d 743 (S.D. Tex. 2007), in which the trial court referenced the mailbox rule in analyzing the application of section 21.254 to the facts presented. *Id.* at 747. However, *Hansen* is distinguishable because in that case, the plaintiff filed suit 143 days after TWC sent the right-to-sue letter, and apparently there was no evidence before the court regarding the precise date on which the plaintiff actually received notice. *Id.* at 747-48.

In his supplemental response to JISD's plea to the jurisdiction, counsel explained the discrepancies between the dates he claimed to have received the TWC letter as having occurred due to a legal assistant having erroneously created two cyber files for Martin's case, and he recited those factual assertions in open court, on the record, at the hearing on JISD's plea to the jurisdiction. Martin's counsel also attached as exhibits to the supplemental response documents showing the two extant

8

files regarding Martin's case, a copy of the TWC letter stamped "August 2, 2016[,]" and a copy of the envelope in which the letter arrived, which was also stamped "August 2, 2016[.]"[2] Unsworn factual statements and representations by an attorney in open court can constitute evidence when the opponent to the testimony waives the oath requirement by failing to object in circumstances that clearly indicated that the attorney was tendering evidence on the record based on the attorney's personal knowledge regarding the contested issues. *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005); *In re Estate of Arndt*, 187 S.W.3d 84, 87 (Tex. App.—Beaumont 2005, no pet.).

Section 21.254 is triggered by actual receipt, not constructive receipt. There was no direct evidence before the trial court that counsel actually received the document on a date other than August 2, 2016, nor was there sufficient evidence to refute the evidence offered by Martin's counsel. *See generally Espinosa*, 2012 WL 3012657, at *3 (holding that the trial court's implied findings must be supported by sufficient evidence). Under Rule 4 of the Texas Rules of Civil Procedure, Martin was required to file her petition by October 3, 2016; therefore, the petition was timely filed. We conclude that the trial court erred by impliedly applying the mailbox

---

[2]Neither Martin's counsel nor JISD's counsel included affidavits authenticating the documents attached as exhibits to their various pleadings.

9

rule, impliedly finding that Martin's lawsuit was not timely filed, and granting the plea to the jurisdiction. *See* Tex. Labor Code § 21.254; *see also generally Espinosa*, 2012 WL 3012657, at \*3. We therefore sustain issue one, and we reverse the trial court's order granting JISD's plea to the jurisdiction and remand the cause to the trial court for further proceedings consistent with this opinion. Because it would not result in greater relief, we need not address issue two. *See* Tex. R. App. P. 47.1.

REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 15, 2018
Opinion Delivered June 14, 2018

Before McKeithen, C.J., Horton and Johnson, JJ.