

# NUMBER 13-18-00328-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DANIS TUCKER AND BEVERLY TUCKER,**                    **Appellants,**

**v.**

**CITY OF CORPUS CHRISTI, TEXAS,**                    **Appellee.**

---

### On appeal from the 28th District Court
### of Nueces County, Texas.

---

# ORDER

**Before Justices Benavides, Hinojosa, and Perkes**
**Order Per Curiam**

This appeal is before the Court on appellants' brief, appellee's brief, and appellants' reply brief. After due consideration of the pleadings on file in this matter, the Court has determined that additional briefing is necessary. Texas Rule of Appellate Procedure 38.7 provides that "[a] brief may be amended or supplemented whenever

justice requires, on whatever reasonable terms the court may prescribe." TEX. R. APP. P. 38.7.

Appellants appeal the trial court's order granting appellee's plea to the jurisdiction and dismissing their suit with prejudice. On appeal, the parties appear to agree that the dispositive issue is whether appellants' takings claim is barred by the applicable statute of limitations. However, neither party provides legal authority establishing that compliance with the statute of limitations for such a claim is a jurisdictional requirement properly asserted in a plea to the jurisdiction.

Limitations is generally classified as an affirmative defense and is not jurisdictional in nature. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010). However, section 311.034 of the government code provides that "statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034. The Texas Supreme Court in interpreting this provision has explained that "a statutory prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit) is jurisdictional when the defendant is a governmental entity." *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012). *Chatha* established a three-step test to determine whether a condition set by statute is a jurisdictional "prerequisite to suit." First, the "prerequisite must be found in the relevant statutory language." *Id*. at 512. "Second, the prerequisite must be a requirement." *Id*. "And finally, the term 'pre' indicates the requirement must be met before the lawsuit is filed." *Id*.

If the statutory deadline for a takings claim does not meet the three prongs of the *Chatha* test, it is not a jurisdictional requirement, and cannot support the granting of a plea to the jurisdiction. *See Zamora v. Tarrant County Hosp. Dist.*, 510 S.W.3d 584, 589 (Tex. App.—El Paso 2016, pet. denied).

Whether compliance with the applicable limitations period for takings claim is a statutory prerequisite to suit appears to be an issue of first impression. Accordingly, the Court requests supplemental briefing from the parties regarding whether the statute of limitation governing appellants' takings claim is a statutory prerequisite to suit as contemplated by § 311.034 of the government code and the test announced in *Chatha*. Appellants' supplemental brief shall be filed within twenty-one days from the date of this order, and appellee's supplemental brief, if any, shall be filed within fourteen days thereafter. This appeal is ABATED and removed from the Court's active docket until receipt of the requested briefing.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
8th day of July, 2019.