

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00543-CV

Joey **KIRKLAND**,
Appellant

v.

**SELECT DEDICATED SOLUTIONS**, LLC,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2023CVA000226D2
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Lori Massey Brissette, Justice
                Velia J. Meza, Justice

Delivered and Filed: June 3, 2026

AFFIRMED

Appellant Joey Kirkland appeals from the trial court's summary judgment granted in favor of appellee Select Dedicated Solutions, LLC ("Select") on the basis of limitations. In one issue, Kirkland contends the trial court erred in granting summary judgment because a fact issue exists as to whether due diligence was exercised in obtaining service. We affirm.

# I. BACKGROUND

The car accident giving rise to this action occurred on February 14, 2021. Kirkland sued Select on February 3, 2023, claiming that he sustained damages as a result of a collision between his vehicle and a vehicle owned by Select that was driven by Select's employee. Although Kirkland timely filed his lawsuit, Select was not served with citation until April 24, 2023 — sixty-nine days after the statute of limitations expired.[1]

Kirkland requested the citation on February 3, 2023, the same day the lawsuit was filed. The clerk of court did not issue the citation because Kirkland failed to pay the fee to obtain copies of the citation. On February 6, 2023, the clerk of court faxed Kirkland's counsel, Ryan A. DeHoyos, a bill of costs outlining the fees necessary to effectuate service. On March 27, 2023, DeHoyos discovered the error and submitted payment for the copies by mail. On April 4, 2023, the clerk of court informed DeHoyos that the payment letter did not include a self-addressed, stamped envelope, as required to obtain the citation. The clerk received the required envelope from DeHoyos on April 12, 2023, and sent the citation that same day. DeHoyos received the citation on April 12th, requested service on April 17th, and Select was served on April 24, 2023.

Select filed a general denial and pleaded limitations as an affirmative defense. Select filed a traditional motion for summary judgment on limitations, arguing that Kirkland did not exercise due diligence in obtaining timely service. To his response, Kirkland attached an affidavit from DeHoyos. The affidavit attributed the delay to failure to pay for citation copies, failure to provide a self-addressed, stamped envelope, and a family emergency.

At the hearing on the motion, DeHoyos explained that he did not realize there was a fee to obtain citation copies, and the inactivity from February 3rd to March 27th was caused by a family

---

[1] The statute of limitations expired on February 14, 2023.

emergency — his mother's stroke — which led him to miss the clerk's fax regarding the outstanding copy fee. He did not explain the inactivity from March 27th, the day the copy fee was paid, to April 4th, the day the clerk informed DeHoyos that the envelope was outstanding.

Following the hearing, the trial court granted Select's motion and dismissed Kirkland's claims against Select. Kirkland timely appeals.

## II. STANDARD OF REVIEW

We review summary judgment de novo. *Lowery v. Bank of Am., N.A.*, No. 04-12-00729-CV, 2013 WL 5762227, at *1 (Tex. App.—San Antonio Oct. 23, 2013, no pet.). We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

## III. APPLICABLE LAW

A suit for personal injuries must be brought within two years from accrual. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). "But a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation." *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). "If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing." *Id.*

To prevail on a motion for summary judgment based on a limitations defense, a defendant must show that service occurred after the limitations period expired. *Flanigan v. Nekkalapu*, 613 S.W.3d 361, 364 (Tex. App.—Fort Worth 2020, no pet.). "[O]nce a defendant has affirmatively pled the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff to explain the delay." *Proulx,* 235 S.W.3d at 216 (internal quotation

marks omitted). "Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id.* "In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Id.* "Generally, the question of the plaintiff's diligence in effecting service is one of fact, and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Id.* However, "the plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable." *Id.* "[I]f the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient." *Id.*

## IV. ANALYSIS

It is undisputed that service did not occur until sixty-nine days after the statute of limitations expired. Thus, Select is entitled to summary judgment on its limitations defense unless Kirkland presented evidence raising a genuine fact issue on diligence as to every period of delay.

Kirkland's explanation — family emergency, unawareness of copy fees, and absence of a required self-addressed, stamped envelope — describes why service was not effectuated rather than what diligent steps were taken. *See Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 51 (Tex. App.—San Antonio 1999, pet. denied) (holding that the plaintiff's explanation for the twenty-five day delay between the expiration of limitations and service was invalid because it "d[id] not involve diligence in attempting to effectuate service" but rather was offered as an excuse as to why service had not been attempted). Kirkland presented no evidence that he or his counsel

inquired on the status of service during the periods of delay. *See Stoney v. Gurmatakis*, No. 01-09-00733-CV, 2010 WL 1840247, at *3 (Tex. App.—Houston [1st Dist.] May 6, 2010, no pet.) (mem. op.) (concluding plaintiff failed to show diligence as a matter of law in part because she failed to provide any explanation for her approximate two-month delay in inquiring with the clerk's office about procuring citation).

Kirkland's reliance on *Texas Health and Human Services Commission v. Olguin*, 521 S.W.3d 403 (Tex. App.—Austin 2017, no pet), is misplaced because that case addressed a jurisdictional issue and there was no "dispute that Olguin exercised due diligence in service." *Id.* at 410. Kirkland's reliance on *Proulx*, 235 S.W.3d at 215–17, and *Vasquez v. Aguirre*, No. 04-11-00736-CV, 2012 WL 2022653, at *2–3 (Tex. App.—San Antonio 2012, no pet.) (mem. op.), is also unpersuasive because the delays in those cases were caused by difficulties in locating the defendants. Kirkland has raised no such issue here.

Because Kirkland's proffered explanation does not involve continuous diligence in attempting to effectuate service, he has failed to raise a fact issue regarding diligence, and Select has established its limitations defense as a matter of law. *See Jarell v. Brookshire Grocery Co.*, No. 12-02-00096-CV, 2002 WL 1933229, at *2 (Tex. App.—Tyler Aug. 21, 2002, pet. denied) (not designated for publication) ("Because [a]ppellant's proffered excuse does not involve diligence in attempting to effectuate service, and her explanation is not valid, it fails to raise a fact issue on diligence.").

Therefore, we hold the trial court did not err in granting Select's motion for summary judgment based on limitations.

## V. CONCLUSION

Having overruled Kirkland's sole issue, we affirm the trial court's judgment.


Rebeca C. Martinez, Chief Justice