**Opinion issued April 25, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00002-CV

———————————

**CITY OF HOUSTON, Appellant**

**V.**

**ADAEZE SHAVON MEKA, Appellee**

---

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Case No. 2018-76033**

---

# O P I N I O N

The City of Houston (the City) appeals from the trial court's denial of its motion for summary judgment. Appellee Adaeze Shavon Meka brought suit against the City pursuant to the Texas Tort Claims Act (the TTCA) for injuries she sustained in a car accident involving a vehicle driven by a City employee. *See* TEX. CIV. PRAC.

& REM. CODE § 101.021(1) (waiving sovereign immunity for personal-injury claims caused by negligence of governmental employee, acting within scope of his employment in operating motor-driven vehicle, if that employee would be personally liable to claimant). The City moved for summary judgment alleging that because Meka failed to serve the City with citation before the running of the applicable statute of limitations, and because compliance with statutes of limitations is jurisdictional in suits against a governmental entity, the trial court lacked subject-matter jurisdiction. *See* TEX. GOV'T CODE § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). The trial court denied the motion for summary judgment, and the City filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

We affirm.

## Background

This suit arises from a May 7, 2018 motor vehicle collision involving Meka, Christopher John Closure, Jamarcus Ward,[1] and Jean Alphone Dorelus, a City

---

[1] Closure and Ward separately sued the City and Meka, and their lawsuit was eventually consolidated with Meka's later-filed lawsuit against the City and Dorelus. The trial court granted the City's motion to dismiss Dorelus under Section 101.106(e) of the TTCA. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."). Closure and Ward are not parties to this appeal.

2

employee who was driving a City-owned vehicle at the time of the accident. On December 13, 2019, within the applicable two-year statute of limitations, Meka sued the City and Dorelus, alleging that she suffered personal injuries as a result of the accident. *See id.* § 16.003(a) ("[A] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues."). The City was never served with citation for Meka's original petition.

On January 7, 2021, Meka filed her first amended petition, alleging claims for personal injuries against Dorelus and the City under the TTCA based on the accident. Meka served the City with citation on January 11, 2021, eight months after the expiration of the two-year statute of limitations. The City answered and asserted a general denial as well as affirmative defenses, including immunity from suit.

On January 22, 2021, the City moved for traditional summary judgment on limitations and immunity. Specifically, the City argued that Meka's claims should be dismissed because she failed to serve the City with citation before the applicable limitations period had expired. Meka responded, arguing that she exercised diligence in attempting to serve the City and, alternatively, the Texas Supreme Court's Emergency Orders issued in response to the COVID-19 pandemic tolled the applicable statute of limitations until June 1, 2021. Because she filed and served the City before June 1, 2021, Meka argued that she complied with the limitations period and that the trial court should deny the City's motion for summary judgment.

3

The trial court held an oral hearing on the City's motion for summary judgment on December 10, 2021, and denied the City's motion the same day. On December 30, 2021, the City filed this timely interlocutory appeal.

**Appellate Jurisdiction**

In her response brief, Meka contends that we lack appellate jurisdiction because compliance with the TTCA's statute of limitations is not jurisdictional. The City's summary judgment, according to Meka, did not raise a jurisdictional issue and the City's appeal therefore is not authorized under Texas Civil Practice and Remedies Code Section 51.014(a)(8). Because this question implicates our appellate jurisdiction, we consider it first.

The City filed its motion for summary judgment, in which it raised the issue of governmental immunity based on Meka's failure to serve the City with citation within the two-year limitations period applicable to Meka's TTCA claims. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code authorizes an interlocutory appeal from the "grant[] or deni[al] [of] a plea to the jurisdiction by a governmental unit[.]" *Id.* § 51.014(a)(8). Because the City's motion for summary judgment raised the issue of immunity, regardless of whether the motion was styled as a plea to the jurisdiction and regardless of whether we ultimately conclude that the City was entitled to dismissal based on immunity, we have appellate jurisdiction to hear the City's appeal. *See*

4

*PHI, Inc. v. Tex. Juv. Just. Dep't*, 593 S.W.3d 296, 301 n.1 (Tex. 2019) (holding appellate court had jurisdiction over appeal from denial of combined plea to jurisdiction and motion for summary judgment, regardless of how pleading was styled, because substance of pleading raised sovereign immunity, which implicates subject-matter jurisdiction); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) ("If the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise, the Legislature has provided that an interlocutory appeal may be brought."); *Tex. Dep't of Crim. Just. v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004) ("The reference to 'plea to the jurisdiction' [in Section 51.014] is not to a particular procedural vehicle but to the substance of the issue raised. Thus, an interlocutory appeal may be taken from a refusal to dismiss for want of jurisdiction whether the jurisdictional argument is presented by plea to the jurisdiction or some other vehicle, such as a motion for summary judgment.").

We turn to the merits of the City's appeal.

## Sovereign Immunity and Statute of Limitations

The City argues that the trial court erred by refusing to dismiss Meka's claims despite Meka failing to exercise diligence in serving the City with citation within the applicable limitations period. Meka responds that compliance with the statute of limitations and service of citation is not jurisdictional and, even if it was, the Texas

5

Supreme Court's Emergency Orders issued in response to the COVID-19 pandemic extended the statute of limitations.

## A.     Standard of Review

"Sovereign immunity bars suits against the state and its entities, and this immunity remains intact unless surrendered in express and unequivocal terms by a clear and unambiguous statutory waiver." *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 512 (Tex. 2012). Meka pleaded her case under the TTCA, which waives sovereign immunity for personal-injury claims caused by the negligence of an employee, acting within the scope of his employment in operating a motor-driven vehicle, if that employee would be personally liable to the claimant. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1). Section 311.034 of the Code Construction Act, set forth in the Government Code, specifies that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE § 311.034.

"[I]t is the Legislature's function to determine what steps a litigant must take before the state's immunity is waived." *Chatha*, 381 S.W.3d at 513. The Legislature "establishes the timeline for filing suit and the mandatory tasks that must be completed before filing." *Id.* at 514. It is "within the Legislature's discretion to determine the procedures required before the State's immunity is waived." *Id.* at 513. "[A] statutory provision that is mandatory and must be complied with *before filing*

6

*suit* is sufficient to fall within the ambit of section 311.034." *Id.* at 514 (emphasis added). In a statutory cause of action against a governmental entity, like this TTCA suit against the City, failure to comply with the statute's mandatory provisions that must be accomplished before filing suit is a jurisdictional bar to suit. *See id.* at 511, 512.

Sovereign immunity implicates a court's subject-matter jurisdiction, and because subject-matter jurisdiction is a question of law, we review the trial court's ruling on the City's motion for summary judgment de novo. *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Pol. Subdivs. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323 (Tex. 2006); *City of Houston v. McGriff*, No. 01-21-00487-CV, 2022 WL 17684046, at *6 (Tex. App.—Houston [1st Dist.] Dec. 15, 2022, no pet.). Because the jurisdictional issue here involves statutory construction, it presents a question of law that we also review de novo. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We rely on statutory-interpretation principles to ascertain and effectuate the Legislature's intent as expressed by the statute's language. *Chatha*, 381 S.W.3d at 511.

B.      **Sovereign Immunity and Jurisdictional Prerequisites to Suit**

The defense of limitations is classified generally as an affirmative defense that is not jurisdictional in nature. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010) (orig. proceeding). Section 311.034 of the Government Code, however,

provides that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE § 311.034; *see also Chatha*, 381 S.W.3d at 510 (citing TEX. GOV'T CODE § 311.034) ("The Legislature has mandated that all statutory prerequisites to suit are jurisdictional in suits against governmental entities."). This is true with respect to both administrative and procedural prerequisites to suit. Specifically, the Texas Supreme Court has clarified that "a statutory prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit) is jurisdictional when the defendant is a governmental entity." *Chatha*, 381 S.W.3d at 515 (citing TEX. GOV'T CODE § 311.034).

In *Chatha*, the Texas Supreme Court established a three-step test to determine whether a condition set by statute is a jurisdictional "prerequisite to suit." *Id.* at 511. First, to fall within the purview of Section 311.034, the "prerequisite must be found in the relevant statutory language." *Id.* at 512. "Second, the prerequisite must be a requirement." *Id.* "And finally, the term 'pre' indicates the requirement must be met before the lawsuit is filed." *Id.* The term "statutory prerequisite" thus "refers to statutory provisions that are mandatory and must be accomplished prior to filing suit." *Id.* Concluding that the timely filing of a lawsuit under the Texas Commission on Human Rights Act (the TCHRA) is a jurisdictional requirement when the defendant is a governmental entity, the Court held that the plaintiff's failure to file

8

her discriminatory pay claim within the TCHRA's 180-day limitations period was a jurisdictional bar to suit. *See id.* at 514.

Since *Chatha*, the Texas Supreme Court and several courts of appeals have found various filing deadlines to be jurisdictional requirements in suits against governmental entities. In *City of Madisonville v. Sims*, 620 S.W.3d 375 (Tex. 2020), for example, the Court held that the 90-day filing deadline under the Texas Whistleblower Act is a jurisdictional statutory prerequisite to suit. *See id.* at 379. And in *AC Interests, L.P. v. Texas Commission on Environmental Quality*, 543 S.W.3d 703 (Tex. 2018), the Court concluded that a statute requiring the filing of a petition within 30 days of an adverse ruling by the Texas Commission on Environmental Quality is jurisdictional in nature. *See id.* at 709; *see also San Jacinto River Auth. v. Paxton*, No. 03-18-00547-CV, 2019 WL 3952829, at *3 (Tex. App.—Austin Aug. 22, 2019, no pet.) (mem. op.) (holding requirement under Public Information Act that party file suit seeking declaratory relief within 30 days of receiving attorney general decision is jurisdictional); *Matthews v. Colorado Cnty.*, No. 01-16-00092-CV, 2016 WL 4033391, at *6 (Tex. App.—Houston [1st Dist.] July 26, 2016, pet. denied) (mem. op.) (concluding that timely filing under Section 258.004 of Transportation Code is statutory prerequisite to suit and, thus, jurisdictional); *Stoker v. TWC Comm'rs*, 402 S.W.3d 926, 929 (Tex. App.—Dallas

2013, no pet.) (holding 14-day filing deadline to file suit seeking judicial review of Texas Workforce Commission decision is jurisdictional in nature).

Courts have likewise held compliance with various statutes of limitations to be jurisdictional requirements in suits against governmental entities. For example, in a recent case, this Court considered whether compliance with Section 16.003's two-year statute of limitations, which was applicable to the plaintiff's constitutional claims against the Texas Department of Criminal Justice, was a jurisdictional prerequisite to suit. *See Cato v. Tex. Dep't of Crim. Just.*, No. 01-21-00099-CV, 2022 WL 3452326, at \*2–3 (Tex. App.—Houston [1st Dist.] Aug. 18, 2022, no pet.) (mem. op.). We held that it was, and because the plaintiff did not file her suit until one year and four months after the statute of limitations expired, we held that she failed to comply with a statutory prerequisite to suit, thereby negating jurisdiction. *Id.* at \*3–4; *see also Tucker v. City of Corpus Christi*, 622 S.W.3d 404, 407 (Tex. App.—Corpus Christi–Edinburg 2020, pet. denied) (holding plaintiffs' constitutional takings claim was governed by Section 16.003(a)'s two-year statute of limitations and holding that limitations period "is a statutory requirement that must be met before suit is filed" and thus "complying with § 16.003 is a jurisdictional requirement for claims brought against a governmental entity").

Although the Texas Supreme Court has not explicitly held that compliance with the TTCA's statute of limitations is jurisdictional, it has held that compliance

with the TTCA's pre-suit notice requirements is. *See Worsdale v. City of Killeen*, 578 S.W.3d 57, 66 (Tex. 2019); *see also* TEX. CIV. PRAC. & REM. CODE § 101.101(a) ("A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred.").

Here, it is undisputed that the two-year statute of limitations for personal injuries in Section 16.003 applies to the TTCA claims brought by Meka against the City. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a) ("[A] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues."). Thus, in line with *Chatha* and subsequent decisions holding that compliance with filing deadlines and statutes of limitations are jurisdictional, we hold that compliance with Section 16.003's two-year statute of limitations applicable to Meka's TTCA claim is a jurisdictional prerequisite to suit. *See Sims*, 620 S.W.3d at 379; *AC Interests*, 543 S.W.3d at 709; *Cato*, 2022 WL 3452326, at *2–4; *Tucker*, 622 S.W.3d at 407. This means that Meka must "bring suit" within two years after the date of the accident, otherwise her suit is jurisdictionally barred.

But that does not end our inquiry. Here, it is undisputed that the accident occurred on May 7, 2018. Thus, under Section 16.003, Meka had two years, or until May 7, 2020, to "bring suit" against the City. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Meka filed suit against the City on December 13, 2019, before the two-

year statute of limitations expired, but did not serve the City until January 11, 2021, over eight months after the limitations period expired. The City contends that in order to "bring suit," as required by Section 16.003(a), Meka must have both filed her petition *and* served the City within the two-year limitations period. *See Auten v. DJ Clark, Inc.*, 209 S.W.3d 695, 698 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("In order to 'bring suit' within the applicable limitations period, a plaintiff must both file suit within the limitations period and use due diligence to serve the defendant with process."). The failure to satisfy both requirements, according to the City, results in a jurisdictional bar to suit. Thus, the question, then, is what it means under Section 16.003 to "bring suit"—filing only or filing *and* service. Stated another way, the issue is whether service, after timely filing, is a statutory prerequisite under Section 311.034 such that Meka's failure to serve the City within the two-year statute of limitations is a jurisdictional bar to suit.

We determine whether an action is a "statutory prerequisite" within the meaning of Section 311.034 by using the three-prong test set out in *Chatha*. *See* 381 S.W.3d at 511–12. First, "to fall within the ambit of section 311.034, a prerequisite must be found in the relevant statutory language." *Id.* at 512. "Second, the prerequisite must be a requirement." *Id.* Third, "the term 'pre' indicates the requirement must be met before the lawsuit is filed." *Id.* "Thus, according to the

12

plain language of section 311.034, the term 'statutory prerequisite' refers to statutory provisions that are mandatory and must be accomplished prior to filing suit." *Id.*

With this framework in mind, we turn to the language of Section 16.003, which provides that "a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003(a). As stated above, the City argues that Meka was required to both file and serve within the limitations period because, under the common law, "to 'bring suit' within the applicable limitations period, a plaintiff must both file suit within the limitations period and use due diligence to serve the defendant with process." *See Auten*, 209 S.W.3d at 698. But the text of the Section 16.003(a) neither references nor requires actual service or diligent service. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Thus, the service requirement the City advocates for fails to meet the first two prongs of the *Chatha* test because it "is not found in the relevant statutory language" of Section 16.003 and it is not a "requirement" of the statute.

We note that in a recent case, the Austin Court of Appeals considered the same issue as the one presented here—whether diligent service is a statutory prerequisite to suit brought under the TTCA. *See Tanner v. Tex. St. Univ.*, 644 S.W.3d 747, 750–53 (Tex. App.—Austin 2022, pet. filed). There, the plaintiff brought suit under the TTCA alleging she sustained personal injuries when she was thrown from a golf cart driven by a University employee. *Id.* at 748–49. There, as here, it was undisputed

13

that the plaintiff filed her suit against the University within the two-year limitations period but did not serve the University until over three years after the limitations period expired. *Id.* at 750–51. The University argued, similar to what the City argues here, that when a defendant pleads limitations and shows that service was untimely, a plaintiff must prove diligence in service efforts, and that, without a showing of diligence, the plaintiff failed to comply with Section 16.003's statute of limitations. *Id.* at 750. Because "diligent service is encompassed within the statute of limitations," the University argued that it was a jurisdictional "pre-suit requirement." *Id.* at 752.

The Austin Court of Appeals applied the three-prong test from *Chatha* and determined that diligent service was not a jurisdictional "statutory prerequisite" within the meaning of Section 311.034. *Id.* In doing so, the court noted that diligent service did not meet the first two requirements of *Chatha* because diligent service was neither referenced in nor required by the statutory language in Section 16.003(a). *Id.* The court further explained that the diligent service doctrine was a court-created one, not one created or required by the Legislature:

> Furthermore, the Texas Supreme Court has recognized that the "doctrine" or "rule" of due diligence—which provides that "a plaintiff, who files a petition within the limitations period but does not complete service until after the statutory period has expired, is entitled to have the date of service relate back to the date of filing, if the plaintiff has exercised diligence in effecting service"—is a creation of the judiciary. *See Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011) (noting that courts have attached "due diligence doctrine" to service rule in

14

Texas Rule of Civil Procedure 21a (emphasis added)); *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970) ("This court long ago established the rule that the mere filing of a suit will not interrupt or toll the running of a statute of limitation; that to interrupt the statute, the use of diligence in procuring the issuance and service of citation is required." (emphasis added)); *Riston v. John Doe # 1*, 161 S.W.3d 525, 530 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (noting that "the due diligence and relation back doctrines" apply when plaintiff files suit against defendant before limitations expire). Thus, diligent service is a legal requirement, but it is a court-created one that is not found in section 16.003(a).

*Id.*

We agree with this reasoning from *Tanner*. Concluding that the court-created requirement of diligent service is not a statutory prerequisite to suit is in line with the Texas Supreme Court's guidance in *Chatha* that it is up to the Legislature "to determine what steps a litigant must take before the state's immunity is waived." *Chatha*, 381 S.W.3d at 513. It is the Legislature, not the courts, that "establishes the timeline for filing suit and the mandatory tasks that must be completed before filing." *Id.* at 514.

Turning to the third prong of the *Chatha* test, we conclude that the requirement of service, actual or a diligent attempt at, is not one that must be met before the lawsuit is filed. *Id.* at 512. *Chatha* specifies that "a mandatory statutory provision is a statutory prerequisite under section 311.034, provided it is to be complied with prior to filing suit." *Id.* at 514–15. In construing Section 311.034, the Texas Supreme Court has expressly distinguished between statutory prerequisites to suit, i.e., those

15

that must be accomplished prior to *filing* suit, and requirements that can be met only after suit is filed. For example, in *Roccaforte v. Jefferson County*, 341 S.W.3d 919, 925 (Tex. 2011), the Court considered whether the post-suit notice requirements in Local Government Code Section 89.0041 were jurisdictional "prerequisites to suit" under Section 311.034. *See* TEX. LOC. GOV'T CODE § 89.0041 (requiring person filing suit against county or county official to deliver written notice "by the 30th business day after suit is filed" and stating that if person does not give required notice, "the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the court or the county official"). The Court held that the post-suit notice requirement was not jurisdictional, explaining that "Section 311.034 applies to *prerequisites* to suit, not notice requirements that can be satisfied only *after* suit is filed." *Roccaforte*, 341 S.W.3d at 925 (emphasis in original). The Court also noted that there was nothing in Section 89.0041's language reflecting the Legislature's intent to make the provision jurisdictional because the section required the trial court to dismiss a case for noncompliance only after the governmental entity has moved for dismissal, meaning "a county can waive a party's noncompliance." *Id.* at 925–26. According to the Court, that motion requirement confirmed "that compliance with the notice requirements [in Section 89.0041] is not jurisdictional." *Id.* at 926.

Similarly, in *AC Interests*, the Texas Supreme Court considered the issue of whether the 30-day service deadline in the Clean Air Act was mandatory or directory. 543 S.W.3d at 707; *see also* TEX. HEALTH & SAFETY CODE § 382.032(c) ("Service of citation on the commission must be accomplished within 30 days after the date on which the petition is filed."). In connection with its ultimate resolution that the service deadline was directory, the Court explained that while the filing deadline under the Clean Air Act was jurisdictional, the service deadline was not. *AC Interests*, 543 S.W.3d at 709, 711 (explaining that service requirement "is not jurisdictional" and "not a condition precedent to suit" and contrasting it with jurisdictional requirements which result in dismissal because failure to comply means that jurisdiction is never obtained).

The Austin Court of Appeals has also held that a similar 30-day service deadline in the Solid Waste Act is not jurisdictional. *See TJFA, L.P. v. Tex. Comm'n on Env't Quality*, 368 S.W.3d 727, 733 (Tex. App.—Austin 2012, pet. denied). Relying on the Texas Supreme Court's decision in *Roccaforte*, the court explained that statutory prerequisites to suit are steps or conditions that must be satisfied before suit can be filed, and that by its very terms, the statutory "30-day deadline for executing service of process begins *after* the suit has been filed." *Id.* at 731 (emphasis in original). The court further supported its conclusion by considering the way a trial court's jurisdiction is invoked:

In addition, a determination that service is not a jurisdictional requirement is consistent with the manner in which a trial court's jurisdiction is invoked. Under governing case law, filing a petition endows a trial court with subject-matter jurisdiction provided that the case involves a dispute that the trial court has authority to adjudicate. In other words, the authority of the court to act in the matter is properly invoked by filing a petition alleging a claim falling under the jurisdiction of the court. If the petition does not address a dispute falling under the court's jurisdictional umbrella, then the court does not have subject-matter jurisdiction, and the case is subject to dismissal by a plea to the jurisdiction. Moreover, unlike subject-matter jurisdiction, a defendant may generally waive a defect in service if he chooses.

*Id.* at 732–33 (citations omitted). Accordingly, the court held that "execution of service is not a statutory prerequisite to suit and that the failure to timely execute should instead be viewed as similar to a more traditional failure to comply with a statute of limitations." *Id.* at 733. "In other words, the defendant may argue that the case should be dismissed for failing to timely execute service, but untimely service is not a jurisdictional defect." *Id.*

Finally, considering the same statute of limitations here in the context of a TTCA suit, the Austin Court of Appeals concluded in *Tanner* that the diligent-service requirement from the common law was likewise not a "requirement that must be met before the lawsuit is filed." 644 S.W.3d at 752. Recognizing that the benefit of a plaintiff's diligence in effecting service is to allow the date of service to "relate back" to the earlier date of the filing, the court held that "[d]iligent service is not 'a statutory requirement commanding action before filing suit' within the meaning of Section 311.034." *Id.* (quoting *Chatha*, 381 S.W.3d at 515).

18

We agree with the reasoning in the above line of cases and apply it here. Service, by its very nature, occurs after a lawsuit is filed. *See* TEX. R. CIV. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."); *id.* 99(a) ("Upon the filing of the petition, the clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party."); *Tex. Health & Hum. Servs. Comm'n v. Olguin*, 521 S.W.3d 403, 409 (Tex. App.—Austin 2017, no pet.) (concluding that to "bring suit" within 60-day deadline under Labor Code Section 21.254 does not require service of process within that period in addition to filing suit because service of process necessarily occurs after suit is filed and therefore service of process within 60-day deadline in Section 21.254 is not statutory prerequisite under Section 311.034); *TJFA*, 368 S.W.3d at 729, 731–33 (interpreting statutory provision in Health and Safety Code requiring that "[s]ervice of citation must be accomplished not later than the 30th day after the date on which the petition is filed" and concluding that service was not statutory prerequisite "given that the service deadline occurs after a suit has been filed"); *cf. Roccaforte*, 341 S.W.3d at 925 (holding that post-suit notice requirements were not jurisdictional because "Section 311.034 applies to *prerequisites* to suit, not notice requirements that can be satisfied only *after* suit is filed" (emphasis in original)); *Jefferson Cnty. v. Farris*, 569 S.W.3d 814, 827–28 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (citing *Roccaforte*, 341 S.W.3d at 925) (holding that it

would "defy logic" to construe presentment to commissioners court requirement in Local Government Code Section 89.004(c) as jurisdictional prerequisite to suit "[b]ecause the statute contemplates that, at least in some situations, presentment to the commissioners court may happen after the filing of suit"). Since it is impossible for service of citation to take place prior to filing suit, service of citation cannot be considered a statutory prerequisite to filing suit. Moreover, unlike subject-matter jurisdiction, service may be waived by the defendant. *See TJFA*, 368 S.W.3d at 733. Thus, we hold that service of citation within Section 16.003(a)'s two-year limitations period is not a jurisdictional requirement to bringing a TTCA suit under Section 311.034 of the Texas Government Code.

For the same reasons that actual service cannot be accomplished before filing suit, neither can a diligent attempt at service. We therefore likewise conclude that the diligent service requirement fails the *Chatha* test and is not a jurisdictional "statutory prerequisite" within the meaning of Section 311.034. *See Tanner*, 644 S.W.3d at 752 (holding that because due diligence is not referenced in or required by Section 16.003(a) and does not concern step that must be accomplished before filing TTCA suit, and because "the benefit of a plaintiff's diligence in effecting service is that the date of service 'relate[s] back' to the earlier date of filing," it fails

*Chatha* test and is not jurisdictional "statutory prerequisite" within meaning of Section 311.034).[2]

Because service, either actual service or a diligent attempt at service, is not referenced in or required by Section 16.003(a) and does not concern a step that must be accomplished before filing a TTCA suit, it fails the *Chatha* test. *See Chatha*, 381

---

[2]    We recognize that a few courts of appeals to consider whether actual service is a jurisdictional requirement have held that it is not, *provided that* the plaintiff exercised diligence in attempting service on the government defendant. *See, e.g., Tex. Health & Hum. Servs. Comm'n v. Olguin*, 521 S.W.3d 403, 409 (Tex. App.—Austin 2017, no pet.) (holding that service of process within 60-day deadline in Section 21.254 is not statutory prerequisite under Section 311.034, but also concluding that there could "be no contention that [plaintiff's] suit is jurisdictionally barred where, as here, he exercised due diligence in effecting service on [defendant]"); *Zamora v. Tarrant Cnty. Hosp. Dist.*, 510 S.W.3d 584, 591 (Tex. App.—El Paso 2016, pet. denied) ("[W]e interpret the language in TEX. LAB. CODE ANN. § 21.254 requiring Zamora to 'bring a civil action' within sixty days of receiving the right-to-sue letter as not requiring actual service of process on the Hospital within that sixty-day period in order to preserve her right to judicial review—so long as she exercised due diligence in effecting service on the Hospital."). These cases are distinguishable for a few reasons. For one, they are both TCHRA cases, not TTCA cases. *Olguin*, 521 S.W.3d at 407; *Zamora*, 510 S.W.3d 590–91. Second, the procedural posture in *Zamora* was different—there, the plaintiff appealed from the trial court's grant of a plea to the jurisdiction and alternative motion for summary judgment raising the affirmative defense of limitations, which was filed by the Hospital as an alternative in the event the filing deadline was determined not to be jurisdictional. *Zamora*, 510 S.W.3d at 588. Conversely, the City here appeals from the trial court's denial of its summary judgment motion. Finally, in *Olguin*, the issue of whether the plaintiff exercised diligence in service was not disputed. *Olguin*, 521 S.W.3d at 409–10. To the extent that these cases hold that actual service within the limitations period is not a jurisdictional requirement or statutory prerequisite to suit, but the exercise of diligence in service is, we find the reasoning in *Tanner*, where the court considered the same statute of limitations applicable to TTCA claims like those here, to be more persuasive and in line with the Texas Supreme Court's test in *Chatha*.

S.W.3d at 511–12. Therefore, we hold that neither actual service nor a diligent attempt at service is a statutory prerequisite to suit within the meaning of Section 311.034. Because there is no dispute that Meka filed her TTCA suit against the City within Section 16.003(a)'s two-year limitations period, we hold that she complied with the statutory prerequisites to suit and the TTCA's waiver of immunity remains intact. Thus, the trial court did not err in denying the City's motion for summary judgment.

We clarify that our holding today does not mean that governmental entities may not challenge untimely service. Rather, we conclude that the failure to timely execute service is not a jurisdictional defect, but instead should be viewed more like a traditional failure to comply with a statute of limitations that is raised as an affirmative defense.[3] *See TJFA*, 368 S.W.3d at 733.

We overrule the City's first issue.[4]

---

[3] Although the issue of Meka's diligence in service was raised in the City's motion for summary judgment, because we hold that service (actual or diligent) is not a jurisdictional prerequisite to suit, and thus does not implicate the City's sovereign immunity, it is outside the scope of our review in this interlocutory appeal from the trial court's denial of the City's motion for summary judgment.

[4] Because resolution of the City's first issue is dispositive, we do not reach the remaining issue raised by the parties related to whether the Texas Supreme Court's emergency orders issued in response to the COVID-19 pandemic tolled or extended the two-year limitations period until June 2021, such that Meka both filed and served the City within the limitations period as purportedly extended by these emergency orders. *See* TEX. R. APP. P. 47.1 (requiring courts of appeals to issue opinions that are as brief as practicable but that address every issue raised and necessary to final disposition of appeal).

22

## Conclusion

We affirm the trial court's order denying the City's motion for summary judgment.

Amparo Guerra
Justice

Panel consists of Justices Landau, Countiss, and Guerra.